## JOHNSON AND WIFE vs. KING.

1. In assumpsit against husband and wife, on a note executed by the wife *dum sola*, two writs having been issued, but only one served on each defendant in different counties. it is not error to refuse a motion to quash the writs, on the ground that there was no endorsement showing that they were for one and the same cause of action. Such objections must be pleaded in abatement, if the defendant wishes to avail himself of his right to review the decision of the court below.

2. Persons who sign their names to a note will be presumed to be joint makers, in the absence of any thing to the contrary on the face of the note.

3. When suit is brought against husband and wife on a note executed by the wife *dum sola*, the husband may set-off one-half of the amount paid by him before suit brought on a judgment which was recovered against the wife *dum sola* and the plaintiff, on a note executed by them jointly.

4. But he cannot set off such a payment made by him after the institution of the suit.

5. Therefore, where two such judgments were recovered, one of which was paid by the husband *before*, and the other *after* the institution of the suit, a charge that he was entitled "to set-off one-half of the amount paid by him on said judgments," is properly refused.

ERROR to the Circuit Court of Washington.
Tried before the Hon. John Bragg.

This was an action brought by King against Johnson and wife, on a note made by Mrs. Johnson before her marriage with Johnson.

Two writs were issued in this case precisely alike; one was executed on Johnson by the sheriff of Mobile, and the other on his wife, by the sheriff of a different county. It is not said in the endorsement on the writ, that they are both for the cause of action. The defendant moved to quash for this cause, which the court refused, and the defendant excepted.

At the trial the plaintiff introduced his note, and proved that Mrs. King, the maker of the note, had intermarried with the defendant Johnson, in November, 1844, and there was no proof when the note was made, other than that furnished by the face of the note, which bore date 1st October, 1844. It was proved that plaintiff was the son of Mrs. Johnson, and that Johnson and his wife had separated in 1848, and had not lived together since. The defendant Johnson introduced

the records of two judgments recovered against plaintiff and his mother, the defendant's wife, and proved that both of the judgments were founded upon notes made by plaintiff and his mother, on both of which plaintiff's name was signed first. One of these judgments was paid by defendant Johnson after his marriage, and before this suit was brought. The other judgment was recovered against defendant Johnson and his wife in October, 1846, and was paid by Johnson, but when, is not specified. The defendant proved that plaintiff was a business man, and that he and his mother, defendant's wife, lived together at the time the notes on which these judgments were obtained were made; that he controlled her business and had but little property of his own.

The defendant requested the court to charge the jury; 1. That it was necessary in order to enable the plaintiff to recover of said Johnson, to prove that the note was made before the marriage of Johnson with Mrs. King, and that the date of the note, under the circumstances of the case, was not sufficient proof of that fact; which request the court refused, and charged that the note was *prima facie* proof that it was made on the day it bears date.

2. That the jury had the right to infer from the evidence that on the two notes, upon which judgments were obtained against plaintiff and his mother as aforesaid, the said plaintiff was principal and his mother surety, and that in such case, the defendant could set off the amount of said notes against the note in suit. This also the court refused.

3. That in this case the parties must be considered, in the absence of all proof, joint makers of said notes, and that when one of two joint makers pays a note made by both, in the absence of all other evidence, he was entitled to contribution from his co-maker, and that defendant was thus entitled to set off one-half of the amount paid by him upon said judgments. This was also refused.

The refusal of the motion to quash, and of the charges aforesaid, are assigned for errror.

D. SMITH AND O. S. JEWETT, for plaintiff in error:

1. The note was not, of itself, evidence in this cause, unless its execution was first proved. Because " on the com-

mon counts, and *other forms of pleading*, other than a declaration on a written instrument itself, the written instrument is not evidence unless proved beforehand." 4 Porter, 527; 5 ib. 154.

It is urged that this is not a suit *upon the note.* A suit upon the note, *alone*, would not charge Johnson, the husband, as he was no party to the instrument. His liability arises out of his marriage, and the duty which that imposes on him to pay the wife's debts, contracted previously to marriage. The declaration in this case charges the defendant by alleging, first, the making of the note by the wife, on the —— day of October, 1844; second, the marriage of the maker subsequently with James Johnson; and deduces the liability from these two facts; the proof of which are necessary to make out a case.

Now, if the suit arose from the instrument alone; that is, the suit was "founded on any writing," it would have been necessary to plead *non est factum.* But being founded on the writing *and* the marriage, the plea of *non assumpsit* was sufficient to require the plaintiff to prove the allegations in the declaration; and such being the case, the *writing* was not proof of any thing, till its own execution was proved.

2. The judgments, at least one half of them, paid by Johnson, should have been allowed under the plea of off-set.

Because every note, judgment, &c. against several persons, is a joint and several obligation of each person. The plaintiff was equally liable with James Johnson to pay the judgments, which Johnson had paid in full, and the latter having paid the entire judgment, was entitled to a contribution from King, of one-half; that half should have been allowed as an off-set, and the refusal to allow it was error. Fitzpatrick, Ad'mr. v. Hill, 9 Ala. Rep. 787, and cases referred to. See also, 6 Ala. 780; 3 ib. 257; 10 ib. 516; ib. 557; 2 ib. 71; 14 ib. 201; 12 ib. 225; 11 ib. 548; 16 ib. 465.

WILLIAMS & COCKE, for defendant in error:

I. There was no error in refusing to quash the writ, because, 1. There was no irregularity, the second being but an *alias* to bring in Mrs. Johnson, as to whom a return of *non est* on the original writ had been made, and no endorsement

on it was required by any statute. 2. If there was an irregularity, it could only be reached by plea in abatement, and the defendants having pleaded to the merits, the irregularity was thereby waived.

II. The date of the note was *prima facie* evidence of the time when it was made, and if it in fact was made at a different time it was incumbent on the party insisting on it to prove it.

III. The demands offered as sets-off by the defendants below were not proper subjects of set-off in this action. The debt sued on was a *joint*, and not a joint and several debt, and in an action against two for a joint debt, a debt due from the plaintiff to *one* of the defendants, cannot be the subject of set off. 6 N. H. Rep. 27 ; 15 Maine Rep. 268 ; 6 Iredell, 338 ; 7 Smedes & M. 9 ; Cheves' L. R. 50 ; 5 Blackf. 37, 585 ; 2 Leigh's Rep. 493 ; 7 B. & C. 217 ; 18 Ala. 316.

IV. But if the demands sought to be set off were proper subjects of set off, the last two charges asked should not have been given, because those charges embrace *both* the demands alleged to have been paid by Johnson, and the bill of exceptions fails to show that the one last mentioned was paid *before* the commencement of the plaintiff's action, which was essential to make it a good set-off, 3 Ala. 256 ; and as the bill of exceptions is to be construed most strongly against the party excepting, and the court below had a right to refuse the charge as asking too much, this court cannot reverse.

PHELAN, J.—The motion to quash was properly refused. And even if it had not been, this court will not, in such a case, review the decision of the court below, on a motion to quash. If the party wishes to avail himself of the right to review the decision upon such objections, he must plead them in abatement.

The note itself was evidence of all it contained, and proved its own date, in the absence of stronger proof to the contrary, as much as its amount : and there is no difference in the rule in this respect, when husband and wife are sued on a note given by the wife when sole, from what it would be in any other case of suit on a note. The statute which makes the note proof, makes no distinction. Clay's Dig. 340, § 162.

The second charge requested by defendant embraces the proposition, that when a note is signed by two persons, the person signing his name first is to be presumed to be the principal and the other a surety.    Although it most usually happens, that where one party to a note is principal and the other surety, the principal signs his name first, it would be altogether unsafe to establish such a rule as that for which defendant below contends, namely, that this shall be the presumption in all cases where there are more makers than one to a note or bond.    Joint makers sign in the same way, and the old rule is the safe one that, in the absence of any thing to the contrary on the face of the note, all who sign shall be considered, not principal and surety, but joint makers.    The facts that the plaintiff chiefly attended to business for his mother, and had but little property of his own at the time these notes were made, add nothing to the force of the other point, and create no such presumption in themselves.    This charge was properly refused.

This brings us to the consideration of the last charge requested, and refused.

If plaintiff and his mother signed the notes, upon which judgments were afterwards recovered against the defendant Johnson, and he paid them or either of them before suit brought, he would be entitled to set off one-half of the amount so paid, against the demand of the plaintiff in this action. The plaintiff and his mother, in the absence of proof to the contrary, were joint makers of the notes, upon which these judgments were recovered, by the rule just stated above, and being such were liable to contribution as between themselves. When, therefore, defendant Johnson, as husband of Mrs. King, was compelled to pay these judgments, he would succeed to her right to claim contribution of the other joint maker, the plaintiff.    He could have sued plaintiff for the amount and recovered, and it follows, that he would have the right to set off the amount in this action when sued by plaintiff.

Upon examining this request to charge, it will be found to lay down correctly the doctrine as to the right of contribution and of set off, but it proceeds to ask the court to instruct the jury, that defendant was entitled to set off *one-half of the*

*amount paid by him on said judgments.* Here the request was too broad. The proof would not justify such a charge. There was proof that he had paid *both the judgments*, but there was no proof that he had paid but one of them *before* plaintiff brought suit. To have given the charge as requested, would have been to instruct the jury that he could recover *one-half of both*, and this would not have been proper; and according to the principle settled in a multitude of cases, where the charge requested is not correct, taken as a whole, the court may properly refuse to give it.

There is no error, and the judgment below is affirmed.