# Boardman *v.* Parrish.

### *Action on Promissory Note, by Payee against Maker.*

1. *Branch summons ; variance.*—A branch summons, issued against a defendant who does not reside in the county in which the action is brought (Rev. Code, § 2561), should be a counterpart of the original, and each should contain the names of both of the defendants ; but a variance between them in this particular is only available by plea in abatement, and is not a ground for a motion to strike from the files.

2. *Same ; amendment.*—When the original and branch summons each contains only the name of the defendant upon whom it is served, the defect is formal merely, and amendable under the statute (Rev. Code, §§ 2807-11), even if pleaded in abatement.

APPEAL from the Circuit Court of Hale.

The record does not show the name of the presiding judge.

This action was brought by John H. Parrish, against Volney Boardman and Margaret E. Boardman ; was commenced on the 10th March, 1873, and was founded on a promissory note, executed by the defendants, and payable to the plaintiff. The original summons was against Volney Boardman only, and was executed on him by the sheriff of Hale county, in which county the action was instituted ; and a branch summons, against Margaret E. Boardman only, was served on her by the sheriff of Perry county. The complaint attached to each summons was against both of the defendants ; and the branch summons contained an indorsement by the circuit clerk of Hale, in these words : "This is a branch of the original suit, and all the summonses constitute one suit, and are for one and the same cause of action." At the trial term, in March, 1874, the following judgment was rendered : "Comes the plaintiff, by his attorney, and the defendants, being solemnly called, came not, except that Margaret E. Boardman, one of said defendants, made the following motion : Margaret E. Boardman, appearing only for the purpose of this motion, moves the court to strike the complaint from the files, because it is not authorized or supported by the summons, and because no writ or summons has ever issued according to law against the said Margaret Boardman, and because there is no suit pending in this court against her. Said motion being overruled by the court ; and at the suggestion (and by leave) of the court, on plaintiff's motion, the summons issued from this court, having jurisdiction of Volney Boardman, having been amended by insert-

[Boardman v. Parrish.]

ing the name of Margaret E. Boardman also, and the branch summons by inserting the name of Volney Boardman; and the said defendants still wholly making default, it is considered by the court that the plaintiff recover of the defendants," &c. The appeal is sued out by Margaret E. Boardman alone, who assigns as error—1st, the overruling of her motion; 2d, the allowance of the amendment; and, 3d, the judgment of the court.

GARRETT & WALKER, for appellant,

A. BENNERS, with THOS. J. SEAY, contra.

BRICKELL, C. J.—The present statute (R. C. § 2561), in reference to branch summons against a joint defendant, residing in another county than that in which suit is instituted, is a substantial re-enactment of the former statute, as found in Clay's Digest, 322, § 59. We do not doubt the correct practice, under the present, as it was settled under the former statute, is to make each summons a counterpart of the other. *Mayo v. Stonum*, 2 Ala. 390. A variance between them is available, however, only by plea in abatement, filed at the return term of the process, as required by the rules of practice; not by a motion to strike from the files, made at a subsequent term, when the cause is called for trial.—*Mayo v. Stonum, supra*; *Johnson v. King*, 20 Ala. 270.

2. The present statute of amendments (R. C. §§ 2807–10) is broad and liberal, and was intended to cure all mere defects of form which the record furnishes the means of amending, and which do not reach or touch the substantial merits of the cause, and are incapable of working injury. The omission of the name of each defendant, in the original and branch summons, was a mere formal defect, incapable of misleading as to the real character of the suit, or the cause of action on which it was founded. If the variance between the two summonses had been pleaded in abatement, the court should have allowed its correction by amendment.

We find no error in the record, and the judgment is affirmed.