# National Guarantee Loan & Trust Co. v. Yeatman.

### *Assumpsit on Common Counts.*

1. *Plea; writings referred to in, a part of.*—If an incorporated company, sued by one of its members for profits accruing on certain shares of stock held by him, refers by plea to the certificate of stock held by the plaintiff, and to the by-laws of the company, it thereby makes both a part of its plea; and if the by-laws provide by whom and the manner in which losses are to be ascertained and charged against the shares of stock, they cannot be so charged in any other way; and testimony offered by the company going to show a charge made in any other way than provided in the by-laws is properly excluded.

2. *Stated account; when binding on the party rendering it.* Where the by-laws of an incorporated company provide for withdrawals of stockholders, and that they should be paid out of a certain fund, and the amount of the fund that may be used for that purpose, if the jury in a suit by a stockholder find that the company has this fund on hand, and if the company has stated an account showing the amount due him on withdrawal the undertaking of the company becomes unconditional to pay the plaintiff the amount due on the statement of account made between them; and the plaintiff stands in the relation not of stockholder, but of creditor to the defendant company.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This action was by J. T. Yeatman against the National Guarantee Loan & Trust Co. and was brought on the common counts. The defendant pleaded the general issue and also specially. The third plea set up that the plaintiff's demand grew out of the issuance to him of

certain shares of stock in the company; and that he was a stockholder holding the certificate of the company and was bound by its by-laws. It further alleged that the stock could only be transferred or withdrawn as provided by the by-laws; and that the member desiring to withdraw must give thirty days notice and that the company shall not be required to use in the payment of withdrawing stock in any month more than one-half of such money as is received from the monthly payments during the month. The defendant also pleaded as set-off the plaintiff's share of losses. The testimony showed that on plaintiff's demand for withdrawal the company stated an account with him showing a certain amount due him on his withdrawal. The court at the instance of the plaintiff excluded all testimony in regard to the losses sought to be charged against plaintiff's shares of stock, because they had not been ascertained and charged by the directors as provided by the by-laws. The other facts are stated in the opinion.

WARD & HOUGHTON, for appellant.—The by-laws of the appellant providing for withdrawal of stock were inoperative because there was no law authorizing such course then in existence; and without authority of law a contract providing for withdrawal of stock was *ultra vires* and void. The affirmative charge should have been given to the defendant.—*Long v. Ga. Pac. Ry.*, 91 Ala. 519; *Chambers v. Falkner*, 65 Ala. 448. (2). The plaintiff was not a creditor of the defendant.—*Heinboket v. Nat. Sav. Loan & B'l'd'g Ass'n*, 58 Minn. 340; *S. C. Am. St. Rep.* 519. (3). The demand was not due because there was no money on hand applicable to payment of claims when the suit was brought.—*Rainey v. Long*, 9 Ala. 754; *Randolph v. Cooke*, 2 Porter 286.

Z. T. RUDOLPH, *contra*.
No brief came to reporter.

McCLELLAN, C. J.—The 3rd plea filed by the National Guarantee Loan & Trust Co. defendant in this action, avers in respect of the losses chargeable against shares of stock, that the certificate of stock issued to

plaintiff contained the following provision: "Ninth. Once in six months the profits arising from interest and premiums shall be apportioned among the shares in good standing. When the monthly dues paid on any share, together with the profits apportioned to such share, amount to fifty dollars, such share will be matured, and monthly payments shall cease. If losses occur, they shall be deducted from the undivided profits, so far as possible. Any deficiency may be charged to the shares in force. And defendant says it has no money which can be legally applied to the payment of said stock of plaintiff, because defendant says that, under the provisions of the contract contained in said certificate and also in the by-laws of the defendant, there were losses incurred which were deducted from the undivided profits of plaintiff's shares and deficiency charged to such shares while in force, because of which fact defendant is not indebted to plaintiff as alleged in said complaint." The plea thus by incorporation as to the stipulation in the certificate and by reference as to the by-laws, makes both a part of itself, and it follows that the losses chargeable against plaintiff's shares must be so chargeable under the stipulation and under the by-laws. And in the first place it is to be noted that under the stipulation contained in the certificate the surplus of losses, so to speak, remaining after the appropriation of undivided profits to that account, is not *ipso facto* charged to the shares, but the contract is that such surplus *may be* so charged. The company is authorized to so charge such losses, but it has to be done by some act or proceeding on the part of the corporation. And the by-laws, made a part of this plea, provide how this charging of losses against the stock must be done. We say *must* because the contract of the stockholder embraces the provisions of the by-laws, and he consents to such charge to be imposed only in the way specified in the by-laws: Unless he is so charged in respect of his stock, he is not charged at all. Now Article 24 of the by-laws confessedly provides that the losses shall be charged upon the shares of stock by the board of directors when dividends are declared on the 20th days of April and October in each year. Confessedly also the

losses which are now sought to be charged on plaintiff's shares were not so charged by the board of directors at said times or at all in fact; and the court properly excluded the testimony offered by defendant tending to show an abortive attempt to charge certain losses against plaintiff's shares.

The common law doctrine with reference to the payment of losses out of the capital of corporations and appropriating the balance only to shareholders on dissolution has been displaced in respect of this corporation, its capital, shares and losses by the expressed stipulations of the parties: it has no operation in this case.

There was a positive agreement on the part of the defendant to pay the plaintiff the withdrawal value of his stock upon thirty days notice of his purpose to withdraw. The evidence shows that this notice was given by the plaintiff more than thirty days before this suit was brought, and that when it was given—on January 3rd, 1897, the evidence largely perponderates to show—the defendant stated an account between it and the plaintiff showing the amount coming to the plaintiff. There was a provision of the by-laws that withdrawals were payable out of a certain fund and that not more than one half of such fund should be available for that purpose. Whether there was a sufficiency of the fund available to pay plaintiff the amount of the stated account was a controverted issue of fact, which was properly left to the jury by the court and determined by them in favor of the plaintiff. So that at the time this suit was brought there was an unconditional undertaking on the part of the defendant to pay the plaintiff the amount due on the statement of account made between them. We do not hesitate to say that as to that amount and hence for all other purposes of this suit the plaintiff stood in the relation not of stockholder, but of creditor to the defendant.

It is argued here that the withdrawal feature of the contract between plaintiff and the defendant was *ultra vires* the defendant corporation. The plaintiff did not declare upon the contract: His complaint contains only the common counts. It is said in plea 3 that plaintiff's claim is based upon a contract as shareholder of the

[Caldwell v. Caldwell, Adm'r, Etc.]

corporation, and so it is; but no plea asserts that the contract was *ultra vires* in any respect, and no objection was made to the proof made by the plaintiff of this contract or of its withdrawal stipulations. The question of *ultra vires vel non,* in other words is not presented by this record, and we decline to consider it.

All the rulings of the court below are in harmony with the foregoing views, and its judgment is affirmed.

Affirmed.