# Pell City Manufacturing Co. *v.* Cosper.

## *Injury to Servant.*

(Decided Jan. 14, 1911.   Rehearing denied May 5, 1911.
55 South. 214.)

1. *Master and Servant; Injury to Servant; Complaint.*—Where the action was for injury to a factory employee caused by slipping while standing on a plank, a count alleging that a plank was too narrow for the use to which it was put, was 18 feet above the floor, and had been rendered slippery and dangerous, sufficiently describes the way constituting the claimed defect.

2. *Same; Evidence.*—Where the action was by a factory employee caused by his slipping upon a plank 18 feet above the floor, and involuntarily throwing his hand against a revolving fan, it was competent to show that one walking along the plank was exposed to the danger of falling to the floor.

3. *Same.*—The evidence in this case examined and held to sustain a recovery by an employee for injury caused by his slipping on a narrow plank 18 feet above the floor.

4. *Pleading; Amendment; Time.*—A plaintiff may be properly permitted to amend his complaint by striking out certain words, notwithstanding all the evidence has been introduced.

5. *Appeal and Error; Judgment; Conclusiveness.*—Error must be made to affirmatively appear before the reversal of a judgment will follow.

APPEAL from St. Clair Circuit Court.

Heard before Hon. JOHN W. INZER.

Personal injury action by Robert F. Cosper against the Pell City Manufacturing Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The second count is as follows: "Plaintiff claims of the defendant the other and further sum of $10,000 as damages, for that the defendant was on, to wit, the 22d day of July, 1907, engaged in operating a cotton factory at Pell City, Ala., and on said date had plaintiff in its employ, and plaintiff in discharge of his duties to the defendant attempted to oil a revolving fan operated by the defendant in its factory, and for such purpose

stepped upon a plank which had been provided by the defendant as a place for its agents and servants to approach said fan and stand while oiling said fan, and plaintiff slipped or fell against said fan, and in attempting to recover his position while falling he involuntarily threw his hand against said fan, and said fan cut off one of his fingers and a part of his hand and wrist, and from said injury he has suffered [here follows catalogue of his injuries and special damages]; and plaintiff avers that the said injury was caused by reason of a defect in the ways, works, machinery or plant connected with or used in the business of the defendant, and that said defect arose from, or had not been remedied or discovered owing to, the negligence of the defendant, or of some person in the service of the defendant, and intrusted by it with the duty of seeing that the ways, works, machinery, or plant were in proper condition. The said plank on which plaintiff stepped as above stated was too narrow for the purpose for which it was constructed and used, and it was about 18 feet above the floor of the building, and the said plank had been rendered slippery to approach said fan, and was a dangerous place on which to stand while attempting to oil said fan, and plaintiff avers that said defect was the proximate cause of said injury."

A summary of the findings by the court was that plaintiff was an employee of the defendant as second man in the work room, while one Thornberg was the first man in said work room, and that plaintiff was second or subordinate to said Thornberg, and that the injury occurred in July, 1907, while plaintiff was so engaged in the service or employment of defendant; that for some time before the happening of the injury it was the duty or duties of the defendant to oil the fan that injured him, in the absence of one Watlington, and

that Watlington was absent at the time plaintiff attempted to oil the fan; that at the time plaintiff undertook to oil this fan he did it in very much the same way he had done the work prior to that time; that he approached such fan from the window opening from the outside of the factory building on his hands and knees, believing this the safer way to do the work, and continued to crawl on his hands and knees on a plankway less than one foot in width, which was covered with lint cotton and dust; and that when plaintiff was near the fan, and attempted to rise to his feet with his oil can in one hand, he slipped and fell, and his left hand fell into or against the ventilator fan, which was moving very rapidly, and this fall was not the result of the negligence of the plaintiff, and the court fails to find that at and just prior to the time of the accident the plaintiff was guilty of negligence in failing to take hold of the ventilator's sprinkling pipe. Then follows a description of the visit of the court to the scene of the accident, his finding that the place was a dangerous place, and from the evidence it is found that the injury was caused by reason of the defect in the ways, works, etc., and that the danger or defect could have been remedied by the expenditure of a very small sum of money. Then follows a finding as to the amount of wages earned, etc., and the assessment of damages in the sum of $1,600.

CHARLES A. CALHOUN, CABANISS & BOWIE, and M. M. SMITH, for appellant. The court erred in overruling the demurrers to count 1 of the complaint.—U. S. Rolling Stock Co. v. Weir, 96 Ala. 396; Clements v. A. G. S. R. Co., 127 Ala. 170. Counsel discuss the assignments of error relative to evidence but without citation of authority. The plaintiff was guilty of contributory neg-

[Pell City Manufacturing Co. v. Cosper.]

ligence and assumption of risk.—*Osborn v. Ala. S. & W. Co.*, 135 Ala. 571; *Coosa Mnfg. Co. v. Williams,* 133 Ala. 611; *Boyd v. Indian Head Mills,* 131 Ala. 366; *Tuscaloosa W. W. Co. v. Herron,* 131 Ala. 83; *Knowles v. Sloss Co.,* 129 Ala. 410; 133 Ala. 279.

N. B. SPEARS and SMITH & SMITH, for appellee.   The general issue put in issue only the negligence charged in the complaint.—*Gainer v. So. R. R. Co.,* 44 South. 562.   Assumption of risk and contributory negligence must be specially pleaded to be available.—*Foley v. Pioneer M. & M. Co.,* 144 Ala. 176.   On these authorities it must be held that there was no issue of contributory negligence or assumption of risk.   The complaint sufficiently described the defect.—*U. S. Rolling Stock Co. v. Weir,* 96 Ala. 396.   Error must be made to appear affirmatively before a reversal will follow.—*Miller v. State,* 150 Ala. 95; *Ponder v. Morris,* 152 Ala. 531.

EVANS, J.—The complaint as originally filed contained a single count, and, on demurrer being sustained to it, the complaint was amended by the filing of an additional count numbered 2. This latter count was based on subdivision 1 of the employer's liability statute (section 3910 of the Code of 1907). The injury complained of consisted in the loss of a part of plaintiff's hand, and was received while he was attempting to oil a ventilator fan in the defendant's cotton factory. The case was tried by the court below, without the intervention of a jury, on the plea of the general issue and special pleas of contributory negligence. There was a written request for and a special finding of the facts made by the court, and judgment rendered in favor of plaintiff, from which the defendant appeals.

The first question presented for our consideration arises out of the ruling of the court in overruling the demurrer of defendant to count No. 2.

As to the condition of the way, constituting the alleged defect, the averment of said count 2 is as follows: "That said plank on which plaintiff stepped, as above stated, was too narrow for the purpose for which it was constructed and used, and it was 18 feet above the floor of the building, and the said plank had been rendered slippery to approach said fan and was a dangerous place on which to stand when attempting to oil said fan, and plaintiff avers that said defect was the proximate cause of the said injury complained of in this complaint." Under former decisions of this court, allegations of defect less specific than that above quoted have been held sufficient. In *Jackson Lumber Co. v. Cunningham, Adm'x,* 141 Ala. 213, 37 South. 445, the demurrer raised the question of the sufficiency of the allegation as to the defect complained of in the ways, works, machinery, or plant, and the court held "the count mentioned was not subject to the objections taken by demurrer." The allegation in that case was that "the said railway from which the said engine was derailed as aforesaid was defective." Certainly the allegation quoted from count 2 of the case sub judice is more apt in putting the defense on notice of the particular defect complained of than was the allegation last quoted from the case of *Jackson Lumber Co. v. Cunningham.* The above criticism, together with the further suggestion that the suit is under and by virtue of a statute and not under any provision of the common law, and that the count in the other respects to which demurrers were filed follows the statute, we think is a sufficient answer to all the grounds of demurrer.

[Pell City Manufacturing Co. v. Cosper.]

The court did not err in overruling defendant's objection to the following question asked plaintiff's witness by plaintiff: "Were you exposed to any danger in passing along there (meaning on the structures used for oiling the fan) other than by being hurt by the fan." This was perfectly competent as the answer shows, viz.; "liable to fall off on the floor." The floor was 18 feet below, and it was evidently the involuntary swinging of plaintiff's hands in attempting to prevent this calamity that caused his hand to strike the fan, from which the injury resulted.

There were many other assignments of error on the rulings of the court on the introduction of evidence; but these rulings were so patently correct that we deem it unnecessary to devote time and space to the consideration of them.

Many of the assignments of error relate to exceptions reserved to the special findings of the facts by the court. Indeed, every special finding of fact was excepted to. In *Chandler & Jones v. Crossland et al.*, 126 Ala. 176, 28 South. 420, after citing the sections of the Code relating to special findings of the facts by the court and reviewing our cases on the subject, this court, speaking through Justice Haralson, concludes by saying: "It thus appears that where a special finding, as here, has been required of the court, by the parties, this court may not go behind the facts as found by the court to see whether or not, from the evidence introduced, it correctly found the facts. If such should be done, we fail to see the necessity for a special finding at all."

From the rule here laid down it is plain that the assignments of error relating to the court's special finding of facts are not to be considered; and the only matter left open for review on appeal, in this particular respect,

is whether a proper judgment was rendered on the facts as found; and, if the facts so found are sufficient to support the judgment rendered, it will not be disturbed.

Upon careful examination of the facts so found, we are of opinion that they are sufficient to support the judgment.

After the conclusion of the evidence upon the trial, the court permitted the plaintiff to amend his complaint by striking out certain words. This the defendant objected to and reserved an exception to the court's action and here assigns the same as error. There is no merit in the contention; the amendment was unquestionably allowable.

We find no error in the record, and the case is therefore affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.

