[Southern States Fire & Casualty Ins. Co. v. Lunsford.]

of competent jurisdiction, both of the subject-matter and of the parties.—*Logan v. Cent. Iron Co.*, 139 Ala. 548, 555, 36 South. 729.

The plaintiff is without right to recover. The judgment so concluding must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

# Southern States Fire & Casualty Ins. Co. *v.* Lunsford.

## *Assumpsit.*

(Decided April 23, 1914. Rehearing denied May 5, 1915. 68 South. 273.)

1. *Corporations; Action Against; Complaint; Authority of Agent.* —Where one count alleges that the defendant corporation, acting through its duly authorized agent, setting them out, made the agreement sued on, and the other count alleges that the president of the corporation, acting as president for the corporation, ratified the agreement, the authority of the agent to bind the corporation was sufficiently averred.

2. *Same; Ultra Vires; Pleading.*—Unless specially pleaded, the defense of ultra vires is not available to the corporation in an action on the contract made by its agents.

3. *Contracts; Breach; Action; Replication.*—Where the declaration was on a contract alleged to have been made by the agent of a corporation whereby it was agreed that the corporation would make a loan to the plaintiff if she would purchase 200 shares of corporate stock and defendant pleaded that after making such contract plaintiff agreed to cancel it, and thereafter purchased the stock from an individual and not from the corporation, replications alleging that the agreement to cancel was signed and the stock purchased from the individual solely to enable the corporation to escape payment of commissions to the agent, and with the express understanding and agreement that the contract to loan the money to the plaintiff would not be thereby affected, were sufficient.

APPEAL from Hale Law and Equity Court.

Heard before Hon. CHARLES E. WALLER.

Action by Nora L. S. Lunsford against the Southern States Fire & Casualty Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The suit was filed at the January or spring term of 1912. At the fall term, 1912, the pleadings are referred to and discussed in the opinion in such way as not to require that they be set out. The pleadings having been settled at the fall term, 1912, at the spring term, 1913, the same being January 28, 1913, the judgment recites: "This cause having been regularly reached on this day for trial, came plaintiff by attorney, and defendant, not appearing, was solemnly called by the court, and thereupon failed to appear in person or by counsel. Thereupon, on motion of plaintiff, it was ordered that a jury come and try the issues made by the complainant and pleas in this cause."

The motion to set aside the judgment is based largely on the ground that the office of defendant and of defendant's attorneys was in Birmingham, Jefferson county, Alabama, and that they were not notified directly or indirectly that the case was set down for that particular day, and that defendant's counsel was engaged in the trial of other matters in another county on that particular day, and for other reasons not necessary to be here set out.

LAMKIN & WATTS, and BANKHEAD & BANKHEAD, for appellant.

R. B. EVINS, THOMAS E. KNIGHT, and E. S. JACK, for appellee.

MAYFIELD, J.—This action was for the breach of a contract by which appellant agreed to make a loan of $50,000 to appellee, for ten years, at 5 per centum

interest, and without commissions in consideration that appellee would purchase stock in appellant corporation to the amount of $4,000. There was a judgment nil dicit. The defendant subsequently moved the court to set aside this judgment and to award a new trial, on the ground that it had no notice of the day or date set for the trial of the cause, and was thus prevented from being present and defending the suit. The defendant was heard on this motion, but the trial court overruled the motion, and defendant appeals to this court.

Defendant assigns as error the ruling on the demurrer to the complaint and replications, and the refusal of the court to set aside the judgment and award a new trial. The demurrer was properly overruled to the amended complaint and to each count thereof as to which appellant complains.

(1) The particular ground of objection to the first count, as amended, is that the count does not aver that the agents who made the contract were duly authorized to act for the defendant corporation in reference to the loan agreement for breach of which the action is brought. This point is not well taken. The allegation of each count is sufficient in this respect. The allegations in this respect are as follows: "The said defendant, acting by and through its duly authorized agents, to wit, one Lofley and one Atkins, agreed in substance with the plaintiff, or with her agent, W. G. Lunsford, who was at the time acting for her, that if plaintiff would buy 200 shares of the capital stock of said company, at and for the sum of $4,000, the said defendant would lend, by January 1, 1911, to the said Nora L. S. Lunford, $50,000, at an interest rate not exceeding 5 per cent. per annum, for a period of ten years, without brokerage commissions on 50 per cent. of valuation of timber, or timber lands, mineral lands, farm

lands, or city property, or first mortgage notes deferred payment for same where same had been sold to bona fide purchasers."

The second count of the complaint adds the following as to the authority of the agents to bind the defendant: "And plaintiff avers that thereafter, and before said transaction was consummated, being doubtful of the authority of said Atkins and said Lofley to bind said defendant, plaintiff's said agent did call upon the president of said company, one D. E. Monasco, at the office of the said defendant, in Birmingham, Ala., and did state to him the said agreement, entered into as above alleged, and did further state that said plaintiff would not carry out said agreement, unless it was recognized and ratified by said defendant. And she avers that said Monasco, as president of said defendant company, and acting for it, did confirm said agreement."

These averments we deem sufficient, as to the authority of the agents and officers of the corporation, to bind it in the premises.

(2) If the corporation had no authority to make such a contract, that fact should have been set up by a special plea of ultra vires.

(3) To the complaint the defendant filed, among others, two special pleas as follows: "For further answer defendant says that it, through its president, expressly repudiated and refused to recognize the alleged agreement with said Lofley and Atkins in reference to said loan prior to the issuance of said stock under said loan agreement, and that plaintiff's said agent, W. G. Lunsford, subsequently thereto, and before any stock was issued to plaintiff, signed a written memorandum, which was in substance that the trade with said Lofley and Atkins for said stock had been cancelled, and that the personal stock of T. P. West was being bought by

plaintiff, which writing was presented to defendant, and that thereafter defendant issued to plaintiff certificates for 200 shares of the capital stock of defendant company at the request of said T. P. West, and charged the same to said West's account, defendant at said time being largely indebted to said West, and that defendant did not receive any part of the proceeds of the note given in payment for said stock by plaintiff."

"For further answer defendant says: That, after plaintiff made application for said stock through said Lofley and Atkins with said loan agreement attached, a writing, signed by defendant's said agent, W. G. Lunsford, was presented to defendant, which writing is in words and figures as follows, to wit:

" 'In the purchase of two hundred shares of stock from T. P. West, I hereby certify that the deal between me and Messrs. Atkins and Lofley has been canceled, and I am of no obligation to the above Atkins and Lofley parties, and this is a new deal made personally with T. P. West for his personal stock. This June 3, 1910.

" 'W. G. Lunsford.'

"That thereafter, defendant being largely indebted to said T. P. West, certificates for 200 shares of defendants capital stock were issued to plaintiff and charged to said West's account at the request of said West, and that defendant received no part of the proceeds of the note given by plaintiff in payment for said stock."

To these pleas the plaintiff filed special replications, one of which was as follows: "That after the making of the original agreement, as set forth in counts 1 and 2 of the complaint, the said defendant, through its authorized agents, D. E. Monasco and T. P. West, who were respectively the president and the fiscal agent of the said defendant company, stated to said W. G. Luns-

ford, as the agent of the plaintiff, that, if the arrange-
ment and contract for the purchase of said stock were
consummated in its then form, the said defendant would
have to pay a large sum in commissions to said Atkins
and Lofley or to other agents, and they proposed to said
W. G. Lunsford, as the agent of the plaintiff, that if
he would execute the writings set forth in the defend-
ant's plea numbered 5, for the purpose only, of enabling
said defendant to consummate said contract with the
plaintiff without incurring a liability to said Atkins
and Lofley or other agents for their commissions on
the sale of said stock," etc. "And the plaintiff avers
that her said agent, being concerned chiefly with the
agreement to loan her the said money on the conditions
set forth in counts 1 and 2 of the complaint, executed
the said writing so presented to him with the distinct
and express understanding that in it no way altered or
rescinded the contract between the defendant and the
plaintiff with reference to the loans of said money. And
the plaintiff avers that it was in furtherance of the con-
tract to lend her the said money that her note for $4,-
000 was executed to said T. P. West, and which said
note has subsequently been paid by her."

The other replication was in effect the same as the
above, but went more into detail.

These replications were sufficient answers to facts set
up in the special pleas, and there was no error in over-
ruling the demurrers thereto.

The rules of law which we follow in revising actions
and rulings of the trial court on motions for new trial
have been so often stated (beginning in the case of *Cobb
v. Malone,* 92 Ala. 630, 9 South. 738) that it is need-
less to restate them here, or to cite authorities. Fol-
lowing these rules the record in this case has been care-
fully examined; and we are not willing to say that the

trial court committed reversible error in denying the motion for a new trial.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.