(79 South. 246)

GERMANIA FIRE INS. CO. v. KITCHENS.
(7 Div. 872.)

(Supreme Court of Alabama.     May 9, 1918.
Rehearing Denied June 6, 1918.)

1. APPEAL AND ERROR ☞1008(1)—REVIEW—FINDINGS.

The Court of Appeals is confined to question whether facts as specially found by the court are sufficient to support the judgment, and cannot go to the evidence to determine whether the facts were correctly found.

2. APPEAL AND ERROR ☞842(1) — REVIEW — QUESTION OF FACT.

In action on fire policy covering cotton, whether cancellation of the policy made by insurer's agent became, on account of any agreement or acquiescence by insured, binding upon him, and effective, was question of fact for the trial court.

3. INSURANCE ☞670—FIRE INSURANCE—ACTION ON POLICY—FINDING.

In suit on fire policy covering cotton, the insurer's agent having canceled it, and insurer claiming insured acquiesced, the court's findings

*held* a compliance with rule special findings of facts should show a finding of every fact in issue and essential to recovery.

Appeal from Circuit Court, Clay County; Hugh D. Merrill, Judge.

Action by W. A. Kitchens against the Germania Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Suit by W. A. Kitchens against Germania Fire Insurance Company on an insurance policy issued by the defendant company to the plaintiff on November 29, 1915; the same covering a period of three months from that date, expiring February 29, 1916, and being in the sum of $2,000. Said insurance was on cotton in the hands of the plaintiff, held by him in trust or on commission, or on joint account with others, or sold, but not delivered, and was located in Barrett & Matthews' warehouse at Ashland, Ala.

Count 2 of the complaint is as follows:

"The plaintiff claims of the defendant $2,000, the value of 58 bales of cotton which the defendant on or about November 28, 1915, insured against loss or injury by fire and other perils in the policy of insurance mentioned, for the term of 90 days, which cotton was wholly destroyed by fire, on or about the 13th day of January, 1916, of which the defendant has had notice."

Defendant pleaded the general issue, and further that the policy of insurance was not in force at the time of the alleged loss; that the same had been canceled before the occurrence of said alleged loss by fire. The insurance premium was paid by the plaintiff.

On January 13, 1916, much of the cotton belonging to the plaintiff in said warehouse was destroyed by fire. Northen, Hawkins, and Willis were the agents for the insurance company at Ashland, Ala.; but the matter of this insurance seems to have been attended to by Willis who was also engaged in the banking business in Ashland. Plaintiff had a small note, amounting to $128.16, past due at Willis' bank. On January 6, 1916, Willis indorsed on the policy here in question a receipt to the defendant company for $6.30, as return premium on the policy in consideration of its cancellation, and signed plaintiff's name thereto. The evidence is without dispute that at the time he had no authority from plaintiff either to sign his name to such indorsement, or to cancel the policy, all of which was without the knowledge or consent of the plaintiff. Willis then prepared a renewal note for plaintiff to sign for the bank, and deducted the amount of the return premium from the amount due the bank by plaintiff, making the balance due after deducting said return premium the sum of the renewal note. On the afternoon of January 12, 1916, Willis saw the plaintiff, and it was then that plaintiff was informed as to the cancellation of said policy, to which he immediately objected, insisting that he wanted his cotton insured; Willis explaining that he thought he had sold the cotton and he was under the

impression he was doing him (plaintiff) a favor in canceling the policy. Plaintiff executed the renewal note to the bank as prepared by Willis, but insisted that he had no knowledge whatever that on the balance found due, and for which the note was executed, he had been given credit for the return premium, that'he instructed Willis to reinstate the policy at once, and that Willis informed him he "could fix it all right." Willis testified that the sum of the renewal note was the amount due the bank after giving credit for the return premium, but did not know that he told plaintiff positively what the balance was. He admits, however, that when he told the plaintiff what he had done in regard to the policy, the plaintiff objected and insisted on his cotton being insured. The policy of insurance was offered in evidence, and contains no provisions for cancellation without the knowledge or consent of the insured. There was evidence tending to show the amount of the cotton destroyed, its weight and value.

The cause was tried before the court without a jury. The defendant filed in open court, in writing, his demand for a special finding of the facts. In response thereto the following was filed in said cause, and entered upon the minutes of said court as a special finding of the facts:

"And now, on this the 21st day of December, 1916, comes said Hon. Hugh D. Merrill, and files in court his special finding in writing, and in words and figures as follows: 'The court, at the request of the defendant, finds the facts as follows: That the defendant on the 29th day of November, 1915, issued an insurance policy to the plaintiff, insuring him against all loss or damage by fire sustained by defendant as to cotton in bales in the warehouse of Barrett & Matthews, at Ashland, Ala. The term of the insurance policy was for three months from the 29th day of November, 1915, to the 29th day of February, 1916. The amount of the insurance represented by said policy on said cotton was $2,-000, and said amount represents defendant's liability under said policy. The amount of premium paid by plaintiff, and which was received by defendant, was $18. On the 13th day of January, 1916, while said insurance policy was in full force and effect, the warehouse of Barrett & Matthews at Ashland, Ala., burned, and fire destroyed 58 bales of cotton, the property of the plaintiff. That the value of said cotton was $3,700. That the amount due on said policy to plaintiff on account of said loss is $1,812.27.'

"The court finds that plaintiff is entitled to recover the said sum of $1,812.27 of the defendant under the second count of plaintiff's complaint as amended, and plaintiff and defendant each excepts.          Hugh D. Merrill, Judge."

From the judgment for the plaintiff, the defendant prosecutes this appeal.

Willett, Willett & Walker, of Anniston, for appellant. Cornelius & Lackey, of Ashland, for appellee.

GARDNER, J. In response to the request in writing filed in this cause by the defendant the court made a special finding of the facts, as prescribed by section 5360 of the Code of 1907. Much of the argument of counsel for appellant seems to be directed to a discussion of the facts as appear from the testimony of witnesses set out in the bill of exceptions, and seems to question the correctness of the finding of facts by the court from the evidence introduced on the trial.

[1] Under the uniform rulings of this court the consideration is confined to the question whether the facts as found by the court are sufficient to support the judgment, and this court may not go behind the facts as found by the court to see whether or not from the evidence introduced it correctly found the facts. Chandler & Jones v. Crossland, 126 Ala. 176, 28 South. 420; Ala. & Ga. Lbr. Co. v. Tisdale, 139 Ala. 250, 36 South. 618; Garrett v. Mayfield Woolen Mills, 153 Ala. 602, 44 South. 1026; Pell City Mfg. Co. v. Cosper, 172 Ala. 532, 55 South. 214; Betancourt v. Eberlin, 71 Ala. 461.

It is insisted, however, that the finding of the facts by the court was insufficient, as not being responsive to some issues in the case, and that therefore, under the authority of Betancourt v. Eberlin, supra, the finding made is insufficient to support the judgment, and must work a reversal of the cause. The argument is based upon the reasoning that the defense interposed was that the policy of insurance was not in force at the time of the occurrence of the loss, and that the policy had been canceled by the agent previous thereto, of which cancellation the plaintiff had had notice, and, with knowledge of the facts, had accepted the return premium before the fire occurred, and further that the finding of facts should have specifically stated that the policy of insurance had been canceled.

[2] It is not insisted by counsel for appellant that the action of the agent in entering the cancellation on the policy on January 6, 1916, was binding upon the plaintiff, or was effective for that purpose, but that it became so only after notice was given to the plaintiff and his agreement thereto or acquiescence therein. As to whether or not this formal cancellation became, on account of such agreement or acquiescence on the part of plaintiff, binding and effective, was a question of fact for the determination of the court from all the evidence in the case. That the policy was canceled, so far as the indorsement thereon by the agent was concerned, was without dispute, but as to whether or not the same became effective by subsequent events was a question of fact.

The entire question therefore for the determination of the court was whether or not this policy of insurance, which under its terms was not to expire until February 29, 1916, was in force and effect on January 13, 1916, at the time of the loss by fire. The finding of facts specifically states "that said insurance policy was in full force and effect on January 13, 1916," and this finding necessarily embraces the conclusion and finding

that the attempted cancellation of the policy by the agent was entirely abortive and without any effect, and was without the consent or approval of the plaintiff. This was but another way of stating the negation of the cancellation of the policy.

[3] We are aware of the rule that the special finding of facts should show affirmatively a finding of every fact in issue essential to the right of recovery, as held in Betancourt v. Eberlin, supra; but we are of the opinion that the finding here in question was a sufficient compliance with the rule there announced. 38 Cyc. 1984.

The few remaining questions argued by counsel for appellant relate to the ruling of the court on some objections· to questions asked the witness Willis by the defendant. The evidence of this witness has been very carefully examined, and discloses that the witness was permitted to testify to all the facts concerning this transaction, together with the substance of conversations had at the time of the renewal of the note, and giving plaintiff information in regard to the cancellation of the policy. We are of the opinion the questions discussed need no separate treatment here. Suffice it to say that the same have been given very careful consideration in consultation, and we find nothing in any of them of prejudicial error to the defendant.

The judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.