(87 South. 531)

JONES v. HINES, Director General of Railroads. (8 Div. 238.)

(Supreme Court of Alabama. Dec. 23, 1920.)

1. Trial ⬤⟿404(2)—Finding that evidence was undisputed held surplusage, and not to weaken finding on the facts.

In an action for damages from fire, tried without a jury, where the court found that the evidence showed without dispute that defendant's engine was properly constructed, equipped, and operated, the statement that the evidence was without dispute was but the statement of a conclusion, and might be treated as surplusage, and did not destroy or weaken the finding as a matter of fact that the engine was properly constructed, equipped, and operated.

2. Appeal and error ⬤⟿850(1)—Findings on the facts reviewable, notwithstanding special finding.

Code 1907, § 5361, providing that in a case tried without a jury either party may present

for review the conclusion and judgments of the court on the evidence, and that the finding on the facts shall be subject to review without exception, changes the former rule that, where there is a special finding, the sufficiency of the facts found to support the judgment is the only question reviewable, and authorizes a review of the court's finding on the facts.

Appeal from Circuit Court, Jackson County; W. W. Harralson, Judge.

Action by Ellen Jones, for use of Axie Crutcher, against Walker D. Hines, as Director General of Railroads, operating the Nashville, Chattanooga & St. Louis Railway, for damages for setting out fire. Judgment for defendant, and plaintiff appeals. Affirmed.

Bouldin & Wimberly, of Scottsboro, for appellant.

While it seemed settled that this court will not go behind the finding of the trial judge on facts found by him (16 Ala. App. 583, 80 South. 157; 13 Ala. App. 619, 68 South. 718; 126 Ala. 176, 28 South. 420), the question here presented is a legal proposition. as to whether the evidence without dispute showed the things held by the court. The evidence was not without dispute, aside from inferences that might be drawn. The authorities touching the question are 109 Ala. 509, 20 South. 33; 152 Ala. 213, 44 South. 631; 73 South. 827; 182 Ala. 597, 62 South. 18; 184 Ala. 474, 63 South. 527; 186 Ala. 100, 65 South. 172; 190 Ala. 157, 67 South. 265; 161 Ala. 107, 49 South. 423; 156 Ala. 311, 47 South. 314, 130 Am. St. Rep. 94.

John B. Tally, of Scottsboro, for appellee.

Counsel discuss the authorities cited by the appellant, with the insistence that, if there was any error at all, it was in finding that the engine set fire to the house.

GARDNER, J. Suit by appellant against appellee to recover damages for the destruction of property by fire, alleged to have been negligently communicated as the result of the equipment or operation of a locomotive on the Nashville, Chattanooga & St. Louis Railroad.

The cause was tried before the court without a jury; the plaintiff requesting a special finding of facts. Section 5360, Code 1907. The finding of facts was made, and the same entered upon the minutes, as provided by said section. The court found the facts to be that the plaintiff had from the evidence made out a prima facie case, leading to the reasonable belief that the property was burned by sparks from defendant's passing engine, numbered 659, operated by Engineer Ford, on February 24th, the day the property was burned. The court further found, however, there was no evidence of any sparks of unusual size or quantity emitted from the engine, and that the evidence shows without dispute that the engine was properly constructed, equipped, and operated at the time, and that therefore a prima facie case had been overcome, and judgment was entered for the defendant.

It is insisted by counsel for appellant, and not controverted by opposing counsel, that under the uniform decisions of this court, where there is a special finding of facts by the court, the consideration of the cause upon appeal is confined to the question whether the facts as found by the court are sufficient to support the judgment, and many of the authorities so holding are cited in the recent case of Germania Fire Ins. Co. v. Kitchens, 201 Ala. 674, 79 South. 246.

Appellant's counsel further advances the argument that the holding of the court, to the effect that the evidence established without dispute that the engine was properly constructed, equipped, and operated at the time, presented a question of law for determination, and insisted there was some evidence from which a contrary inference could be drawn. Under the view entertained by this court, this is a question unnecessary to be determined.

[1] The statement of the court, in finding that the evidence was without dispute, was but a statement of a conclusion, could well have been omitted, and might be treated as surplusage. The expression does not destroy or weaken the fact that the court did find as a matter of fact from the evidence that the engine was properly constructed, equipped, and operated at the time. That such a finding justified a judgment for the defendant is not questioned. L. & N. R. R. Co. v. Marbury Lbr. Co., 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; Deason v. A. G. S. R. R. Co., 186 Ala. 100, 65 South. 172; A. G. S. R. R. Co. v. Davenport, 195 Ala. 368, 70 South. 674.

[2] While it is conceded by all the parties that the above-stated rule, reiterated in the case of Germania Fire Ins. Co. v. Kitchens, supra, still governs in cases of this character, yet we have reached the conclusion that this is erroneous for the following reasons:

The concluding language of section 3321 of the Code of 1896, now section 5361 of the Code of 1907, was to the effect that the Supreme Court, if the finding is special, upon such appeal, would determine whether the facts are sufficient to support the judgment; but section 5361 of the Code of 1907 shows by marginal reference to the Acts of 1903 (page 566), a change in the provision of said section, a large portion of which was taken from section 917a of the above-cited act, which provides for a review of the decision of the trial court on the facts without presumption in favor of the court below, and concludes as follows: "The finding of the court on the facts shall be subject to review

without exception thereto"—and, indeed, the language of said section 5361 is radically changed from that of section 3321 of the Code of 1896; the concluding language of section 3321, above referred to, being omitted entirely. It would therefore appear that this difference in the language used suffices to change the rule as it previously existed, and now opens for review the finding of the court on the facts, notwithstanding a special finding of the facts in compliance with the request under the preceding section (5360).

In Germania Fire Ins. Co. v. Kitchens, supra, it was not questioned by counsel that the rule as disclosed by the previous decisions, therein cited, still prevailed, and · the attention of the court was not directed to this change in the statute. This appears to have been the only decision rendered directly upon this point in this court since the adoption of the Code of 1907, with section 5361 as it now appears, and the old rule' appears to have been recently followed by the Court of Appeals in American Cast-Iron Pipe Co. v. Birmingham Tailoring Co., 16 Ala. App. 583, 80 South. 157, and Johnson v. McFry, 14 Ala. App. 170, 68 South. 716.

The change in the statute escaped the notice of the writer in Germania Fire Ins. Co. v. Kitchens, but upon a consideration of the present cause the change was discovered, and the conclusion is now reached that the rule recognized in the Germania Fire Ins. Co. Case no longer prevails, in view of the change in the statute, and the holding of that authority upon this point is therefore incorrect. We therefore hold that the finding of the court upon the facts is subject to review. This does not, of course, affect the result in this case as an examination of the evidence discloses the same amply sustains the judgment of the trial court. No other question presented in this cause needs consideration.

It results that the judgment appealed from will be affirmed.

Affirmed.

All the Justices concur.