(88 South. 341)

### CARROLL v. STATE. (7 Div. 670.)

(Court of Appeals of Alabama. Feb. 8, 1921.)

Criminal law ⊗⟹1094—Where record is proper, conviction must be affirmed, in absence of bill of exceptions.

Where an appeal from a conviction is taken on the record, without a bill of exceptions, the conviction must be affirmed; the record appearing regular.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Andy Carroll was convicted of assault with a weapon, and he appeals. Affirmed.

J. Q. Smith, Atty. Gen., for the State.

BRICKEN, P. J. The defendant, with another, who was not on trial, was indicted for the offense of assault with intent to murder.

The trial under this indictment resulted in a conviction for an assault with a weapon by the verdict of the judgment, and judgment of conviction based upon said verdict was duly entered.

This appeal is upon the record, without a bill of exceptions. The record appears regular in all respects, and, as no error is apparent thereon, the judgment of the lower court must be affirmed.

Affirmed.

═══

(88 South. 197)

### M. C. KISER CO. v. POPE. (6 Div. 715.)

(Court of Appeals of Alabama. Feb. 8, 1921.)

I. Appeal and error ⊗⟹931(1)—Every presumption favors judge's finding.

Where a cause was tried to the judge without a jury, every presumption will be indulged in favor of his findings.

2. Fraud ⊗⟹27—Omissions in statement to obtain credit not necessarily actionable.

The mere failure of a party filling out a printed form at the instance of a representative of a wholesale merchant, from whom he is obtaining credit, to fill out one of the blanks at the end of one or more of the questions, does not necessarily and of itself constitute a representation upon which there can be based an action for fraud and deceit.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by the M. C. Kiser Company against S. H. Pope for damages for obtaining goods, wares, or merchandise by false or fraudulent misrepresentation. Judgment for defendant, and plaintiff appeals. Affirmed.

.The plaintiff sold to D. D. Hammond & Co. a bill of shoes, which bill has never been paid for. S. H. Pope was a member of the firm, and when the goods were ordered a certain statement was handed him by the salesman to be filled out and signed and to accompany the order for the goods. This statement was filled out and signed in the name of the partnership, by S. H. Pope, and many of the questions asked were not answered and many of the blank spaces left unfilled. These statements and the answers to the various questions are made the basis for charges for fraud and misrepresentation.

William A. Jacobs, of Birmingham, for appellant.

There was no discovery of the fraud until May, 1917, and the statute of limitations did not begin to run until that time. 12 Ala. App. 464, 67 South. 754; 146 Ala. 660, 41 South. 757. Until the plaintiff knew the facts, there could be no election of remedy. 113 Ala. 489, 21 South. 405; 15 Cyc. 261. The discharge in bankruptcy constitutes no bar to this kind of suit. 228 U. S. 27, 33 Sup. Ct. 505, 57 L. Ed. 718. The failure to answer questions as to amount of mortgage or other indebtedness was an implied representation that there was no such indebtedness. 119 Ala. 429, 24 South. 710; 20 Cyc. 15; (D. C.) 10 Am. Bankr. R. 748, 125 Fed. 562; 8 Ga. App. 449, 69 S. E. 576.

Beddow & Oberdorfer, of Birmingham, for appellee.

The case was tried by the court without the intervention of a jury, and every presumption will be indulged as to its correctness. Ante, p. 295, 84 South. 865; 196 Ala. 403, 72 South. 52. The failure to answer the questions did not constitute a fraud. 12 R. C. L. §§ 83, 108, 111, 172; 78 Ala. 381. The action was barred by section 4852, Code 1907.

SAMFORD, J. [1] This case was tried by the judge without the intervention of a jury, and hence every presumption will be indulged in favor of his finding.

[2] The mere failure of a party, filling out a printed form at the instance of the representative of a wholesale merchant, from whom he is obtaining credit for the purchase of merchandise, to fill out one of the blanks at the end of one or more of the questions in the blank form, does not necessarily and of itself constitute a representation, upon which there can be based an action for fraud and deceit.

We have examined the record in this case, and after allowing all necessary presumptions in favor of the judgment of the trial court, we cannot say that the conclusions reached are error.

We find no error in the record, and the judgment is affirmed.

Affirmed.

⊗⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes