(112 So. 543)

**J. R. RAIBLE CO. v. CITY BANK & TRUST CO.   (7 Div. 282.)**

Court of Appeals of Alabama.   April 12, 1927.

Hugh Walker, of Anniston, for appellee.

Miller & Graham and Douglass P. Wingo, all of Birmingham, for appellant.

SAMFORD, J.  Under section 9513 of the Code of 1923, amendments to the pleadings were properly allowed. Rulings of the court relating thereto were without error. The issues as formed under the plead-

ings present every question involving the rights of the defendant. Therefore, if there is technical, error in any of the rulings of the court on the pleading, such error is without injury to defendant's rights.

■ The rule applicable to special findings of fact by a judge in a trial without a jury under section 9501 of the Code of 1923, was declared to be one way in Germania Ins. Co. v. Kitchens, 201 Ala. 674, 79 So. 246, followed by this court in American Cast I. P. Co. v. Birmingham Tailoring Co., 16 Ala. App. 583, 80 So. 157, and Johnson v. McFry, 14 Ala. App. 170, 68 So. 716, but in Jones v. Hines, 205 Ala. 145, 87 So. 531, the holding in the above-cited cases was held to be error, and a different rule was announced, construing section 9502 of the Code of 1923 to mean that the finding of the court upon the facts is subject to review. From this we conclude and hold that the whole evidence adduced on the trial must be considered by this court to ascertain if the conclusions of fact reached by the trial judge are sustained by the evidence after according to such conclusions the presumption which must arise in favor of the conclusions of the judge where the testimony was taken ore tenus.

Where the trial is had before the judge without a jury, and the evidence is taken ore tenus, there are certain things that cannot be transmitted to the appellate court by record and transcript. Mr. Justice Somerville calls it "the atmosphere of the trial"; others say the manner of the witness in testifying, facial expression, hesitancy, etc. Whatever it is, the trial judge sitting in judgment is in better position to pass upon those things than any appellate court, and hence the presumptions. Hackett v. Cash, 196 Ala. 403, 72 So. 52; Bryan v. Hunnicutt, 16 Ala. App. 187, 76 So. 471; Kiser Co. v. Pope, 18 Ala. App. 54, 88 So. 197.

■ Before going into a general discussion of the case as made by the evidence, it becomes necessary to pass upon the liability of Raymond Heading Company (plaintiff's assignor of the cause of action) on a note given to defendant in words and figures as follows, to wit:

$1,500.00. Birmingham, Ala., Feb. 26, 1924.

"60 days after date we promise to pay to the order of the J. R. Raible Company, fifteen hundred dollars, value received, payable at Etowah Trust & Savings Bank, Gadsden, Ala.

"The right of exemption is hereby waived as provided in Constitution and laws of the state of Alabama, or any other state in the United States, and it is further agreed that the undersigned shall pay all costs of collection, including a reasonable attorney's fee if not paid at maturity.

"Treadway Cooperage Co., Inc.,
"[Signed]  F. S. Treadway.
"Raymond Heading Co. Inc.,
"[Signed]  F. S. Treadway."
"Witness.
"Two cars of heading as security."

It is contended by plaintiff that Raymond Heading Company, is not liable on this note, for that the consideration therefor passed to Treadway Cooperage Company, a corporation, and that the Raymond Heading Company was merely a surety on the note; that the Raymond Heading Company being a corporation, the attempt to become such surety was an ultra vires act and void. There seems to be no doubt that defendant advanced the money for the note and paid it to Treadway, the president, who was at the time the president and general manager of both the Raymond Heading Company and the Treadway Cooperage Company. There was positive testimony for plaintiff that the loan of $1,500 was made to the Raymond Heading Company. Treadway, testifying for plaintiff, after much "backing and filling," was finally brought to say: "In other words, the borrowing of this money was a borrow by both companies." Treadway does not seem to know how the money was used, but he is sure it was used partly by each company. The court in its special finding of fact on this point finds that the loan of $1,500 by plaintiff was to the Treadway Company and not to the Raymond Heading Company, and that the Raymond Heading Company signed the note as surety, and, being a corporation, this act was ultra vires and void. We have sought in vain for any evidence to sustain the finding of fact that the loan of $1,500 was made alone to the Treadway Company, and that the Raymond Heading Company signed said note as surety. The true facts with reference to this transaction are to be found in the testimony of Treadway, the plaintiff's witness, to wit: He, acting for both the Raymond Heading Company and the Treadway Company, being the principal stockholder and president and general manager of both companies, borrowed from defendant $1,500, for which he executed a joint note of both companies, he received the money as president of both companies and used it for both companies indiscriminately, as their separate needs appeared; and the fact that the Treadway Company signed first raises no presumption that the Raymond Heading Company signed as surety. Summerhill v. Tapp, 52 Ala. 227. The facts are therefore that both corporations intended to sign the note as principal, the consideration for which was paid to them jointly and used for their separate needs. Johnson v. King, 20 Ala. 270; Jackson v. Wood, 108 Ala. 209, 19 So. 312. The legal effect of this joint signature is to bind each for the proceeds of the loan used by it and to become surety for the other for the remainder of the loan. This holding is supported by the well-considered opinion of Gaines, C. J., Texas Supreme Court, but in which he has cited no authority. Northside Ry. Co. v. Worthington, 88 Tex. 562, 30 S. W. 1055, 53 Am. St. Rep. 778; L. R. A. 1917A, p. 949, par. 106.

■ No fraud being shown in the transaction, either actual or implied, each principal is bound on the note for that part of the proceeds of the loan used by it, which under the evidence in this case is left in uncertainty and not from this record ascertainable. Northside Ry. Co. v. Worthington, 88 Tex. 562, 30 S. W. 1055, 53 Am. St. Rep. 778; Thomas v. Brownsville, etc., R. R. Co., 109 U. S. 522, 3 S. Ct. 315, 27 L. Ed. 1018.

■ As to that part of the loan for which each became the surety for the other, it would appear that the suretyship carried no obligation; it being presumed that such act was beyond the powers of the corporations, was ultra vires and void. The general rule is that corporations may not lend their credit in the form of accommodation suretyships and guaranties, for the very evident reasons that (1) the corporate funds belong to the stockholders, and by the very terms of the law creating it cannot be devoted to any other purpose than those indicated by its charter; (2) that to do so would be to exercise a power not conferred by the state; (3) such obligations rest upon no consideration, and therefore would amount to an unlawful diversion of funds. 3 R. C. L. p. 1091, par. 300; Haupt v. Vint, 68 W. Va. 657, 70 S. E. 702, 34 L. R. A. (N. S.) 518. The foregoing is the general rule, and, further, to fix a liability as such, it is necessary for the party undertaking it to establish, not only authority in the officer or agent to execute the paper, but also power in the corporation to bind itself in that way. It is said:

"This rule is universally applied to banking, insurance, railroad, plank road, * * * manufacturing companies, and building and loan associations." Haupt v. Vint, supra.

The rule requiring special pleas setting up ulta vires contracts does not apply in cases where the corporation is sought to be held as a surety on a bill or note. So. S. F. & C. Co. v. Lunsford, 192 Ala. 76, 68 So. 273, was an action for breach of a contract to lend money, and carried an obligation incidental to its charter powers. Nat. G. L. & T. Co. v. Yeatman, 121 Ala. 594, 25 So. 1003, was an action between defendant and a stockholder. Coston-Riles Lbr. Co. v. Ala. Mach. & S. Co., 209 Ala. 151, 95 So. 577, was a suit not involving suretyships; none of the authorities cited by appellant are in point on the question here involved.

The Raymond Heading Company was under contract to manufacture for the defendant heading according to certain specifications named in a written contract in evidence, and, when manufactured, to be delivered f. o. b. the cars at Raymond Heading Company's Mills and consigned to defendant. These shipments were to be paid for as made according to the terms of the contract, 90 per cent. within 30 days, and balance when shipment was accepted at final destination—grade, quality, and count guaranteed by the Raymond Heading Company. The trial court finds as to this, that:

"Raymond Heading Company, prior to the 8th day of April, 1924, had manufactured and shipped by freight many cars of heading, which were duly received and paid for by the J. R. Raible Company (defendant) in accordance with said contract, and that, in the course of the dealings between Raible Company and Raymond Heading Company there occurred shortages in shipment and some defective material for which debit memorandums were sent by Raible Company to Raymond Heading Company."

The trial court further found that:

"No settlement or adjustment of these shortages and defective materials had or has ever been made between the parties, and at the time of this trial were open matters."

Based upon the foregoing, the trial court further found as a fact that the amounts due the Raible Company by the Raymond Heading Company for and on account of the shortage and defects were not due at the time of this trial.

■ We think that in this latter finding the trial court is clearly in error. The defects and shortage in the manufactured goods being found, the payment for same by the Raible Company, under its contract, the guaranty as to quality and grade of material by the Raymond Heading rendered the Raymond Heading Company immediately liable for shortage and defects, and for which the Raible Company might have brought suit, instead of which the Raible Company sent debit memorandums acquiesced in by the Raymond Heading Company. This proposition appears so clear as not to need citation of authority.

As a part of its special finding of fact, the trial court found:

"The court further finds that on or about the 8th day of April, 1924, Raymond Heading Company shipped from its mill at Raymond, Ga., to the J. R. Raible Company at Cleveland, Ohio, in Erie car No. 90818, a carload of heading, which invoiced according to the schedule set out in said contract about the sum of $893.25, and that the bill of lading was sent therefor to the J. R. Raible Company by said Raymond Heading Company; and that the Raymond Heading Company made up an invoice for said shipment, and on or about the 11th day of April, 1924, Raymond Heading Company, acting by F. S. Treadway, whom the court finds to have been the president of both Raymond Heading Company and Treadway Cooperage Company, took this invoice for said shipment in said Erie car No. 90818, to the plaintiff, City Bank & Trust Company, and assigned it to said bank, and received then and there on the same $700, and that on April 12, 1924, and before said shipment in said Erie car had reached the said J. R. Raible Company in Cleveland, Ohio, F. S. Treadway, representing said Raymond Heading Company, and in the name of said Raymond Heading Company, notified said J. R. Raible Company by wire of said assignment, and re-

quested payment or 90 per cent. of said invoice to be made to the plaintiff; and the court further finds that on April 15, 1924, City Bank & Trust Company wrote the defendant notifying it of said assignment and requesting payment, and that this notice was received by said Raible Company prior to the receipt of said shipment in said Erie car No. 90818; said car having been received by said Raible Company on or about April 22, 1924.

"The court further finds that the said J. R. Raible Company, has not paid said sum or any part thereof to the plaintiff, City Bank & Trust Company, but has failed and refused to do so; and the court further finds that said sum was due at and before the suit was brought in this case."

This finding we think is borne out by the evidence. Under this finding of fact the car of heading, the basis of this suit, was delivered to the defendant under the contract f. o. b. to the Raymond Heading Company's mill, and, whatever liability there was, arose between the parties under the contract between them at that time, and prior to the transfer of the account three days later by the Raymond Heading Company to this plaintiff. The transaction not being protected by the law merchant, the transfer was taken by the plaintiff subject to all payments, set-offs, and discounts had or possessed against the same previous to notice of assignment or transfer. Code 1923, § 9237; Steiner et al. v. Scholze et al., 114 Ala. 88, 21 So. 428; Broadwell v. Imms, 14 Ala. App. 441, 70 So. 294; 11 Mitch. Dig. 835, par. 39 (1).

Upon another trial the issues should be simple. The plaintiff is the owner of the account transferred to it, subject to legal set-offs due defendant by the Raymond Heading Company at the time the transfer was made. These are whatever amount Raymond Heading Company received of the proceeds of the $1,500 note and whatever was justly due by the Raymond Heading Company to the Raible Company for shortage and inferior quality of headings of which debit memorandums had been sent to the Raymond Company prior to the transfer of the account to plaintiff. Code 1923, § 10172; Cook v. Mut. Ins. Co., 53 Ala. 37.

There is nothing in the correspondence between plaintiff and defendant whereby defendant waives any claim it has against the Raymond Heading Company, and besides all this correspondence took place after the transfer and advancement of the money by plaintiff to the Raymond Heading Company, and, while admissible for other purposes, does not bind the defendant to a waiver of its claims.

The plea of recoupment is not appropriate to this case. The issues are to be determined on the pleas of the general issue and set-off.

The findings and rulings of the trial court are not in harmony with the foregoing opinion, and the judgment is reversed, and the cause is remanded.

Reversed and remanded.