# Terrell & Vincent *v.* Hurst, Miller & Co.

*Action on Promissory Note, by Payees against Makers.*

1. *Waiver of exemption of personalty.*—A stipulation in a promissory note, in these words, "As to the debt evidenced by this note, the maker and indorser each hereby waives all benefit of the homestead exemption laws on both real and personal property," though inoperative as a waiver of the right of homestead exemption (Code, §§ 2846-48), is effectual as a waiver of the right of exemption in and to all personal property.

2. *Same ; by partner, in partnership name.*—The note containing such waiver being signed by one partner in the partnership name, without authority from his co-partner, the waiver is valid and effectual against him and his individual property, though it does not bind his co-partner.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. LEROY F. BOX.

This action was brought by Hurst, Miller & Co., suing as partners, against William S. Terrell and Wilbourne Vincent, as late partners doing business under the name of Terrell & Vincent; and was founded on three promissory notes, each of which was executed in the name of Terrell & Vincent, payable to the order of Hurst, Miller & Co., "at office of Isbell & Co., Talladega," and each contained a stipulation in these words : "The maker and indorser each hereby waives all benefit of the homestead exemption laws on both real and personal property, as to the debt evidenced by this note." On the trial, as the bill of exceptions shows, the defendant Terrell, being examined as a witness for the defendants, testified, " that he signed the name of Terrell & Vincent to said notes; that he did not consult his partner (Vincent) about signing said notes, and had no authority from him, express or implied, to sign any note waiving said Vincent's personal and individual exemptions, and did not intend to waive any such exemptions in signing said notes; that there was nothing in his contract of partnership with said Vincent, which authorized him to make such a waiver for him ; and that he signed said notes in the firm name, not by any express authority, but simply under the authority which he supposed he had as a member of the firm, in matters affecting the firm, and within the scope of the partnership, and without intending to make any personal waiver. Defendants' counsel then asked witness to state, whether or not he intended or agreed, in signing said notes, to waive his own individual ex-

emptions. The plaintiffs objected to this question, and the court sustained the objection ; to which the defendants excepted. The defendants then offered to show that said Terrell, when he signed the firm name to said notes, only intended and understood that the waiver clause should apply to the partnership effects, and should not extend to the personal and individual exemptions of the members of the firm. On objections by the plaintiffs, the court refused to allow this evidence, and the defendants excepted, jointly and severally."

On this evidence, " the court charged the jury, *ex mero motu*, that the waiver clause in the notes sued on was a good contract of waiver as to personal property ; and if said W. S. Terrell, a member of the firm of Terrell & Vincent, signed said notes in the firm name, the notes would be a binding obligation on the firm, but the waiver clause would be good only against said Terrell individually ; that if Terrell signed said notes in the firm name, such execution would operate to waive his individual exemptions of personal property. To this charge the defendants excepted, jointly and severally ;" and they now assign it as error, together with the exclusion of the evidence offered and rejected.

BOWDEN & KNOX, for appellants.

CECIL BROWNE, *contra*.

SOMERVILLE, J.—The right of exemption to personal property, in this State, may be waived, by clearly expressing such intention of waiver in any instrument of writing, including a bill of exchange, promissory note, or other contract. But, when such waiver relates to a homestead, or exemption in realty, it is required to be made by a separate instrument in writing, and must be signed by both husband and wife, and attested by at least one witness.—Const. 1875, Art. X, § 7; Code, 1876, §§ 2846–2848.

The words, which are claimed in the present case to operate as a waiver of exemption to personal property, are incorporated in a promissory note, and are as follows : " The maker and indorser each hereby waive all benefit of the *homestead* exemption laws on both *real* and *personal property*, as to the debt evidenced by this note." There is no contention that this waiver affects any homestead right or claim of exemption in real estate whatever. It is manifestly defective, in several particulars, for this purpose. It is only contended that it is valid as a waiver of any right of exemption to personalty.

The failure of the instrument to affect any interest in realty, does not vitiate its validity so far as concerns personalty. It

[East Tenn., Va. & Ga. R. R. Co. v. Hughes.]

may be void entirely for the former purpose, and perfectly valid for the latter. This was decided in *Neely v. Henry* (68 Ala. 261), where this court said : " There is no rule of construction of written instruments, of mere general application, or more beneficial in giving effect to the intention of the parties, than that it shall, if possible, be so interpreted *ut res magis valeat quam pereat ;* and where a contract can not operate in the precise manner, or to the full extent intended by the parties, it shall, nevertheless, be made as far as possible to effectuate that intention."

The contract in question must, in our opinion, be construed as evincing a clear intention to waive all right of exemption to personal property, although it be abortive as an attempt to affect any rights in realty. The word "homestead" must be restricted as an adjective qualification having reference only to realty, and must be deemed surplusage as applied to exemption laws affecting personal property. The language used may be inaccurate, and the grammar false ; but this is never permitted to defeat an intention which can be clearly ascertained by a fair and reasonable construction of the contract.

The exemption waiver under consideration could only operate against Terrell, and not against his partner, Vincent, because he was without authority to bind Vincent as to such a matter. Partnerships, as such, are not entitled to any rights of exemption as against partnership creditors ; nor are the individual partners so entitled, in firm property taken under legal process for partnership debts.—*Giovanni v. First National Bank*, 55 Ala. 305. The statute, too, make partnership contracts and obligations several as well as joint.—*Hall v. Green & Co.*, 69 Ala. 368 ; Code, 1876, § 2904. The waiver was, therefore, good as against the individual personalty of Terrell, and the court did not err in so construing the contract as evidenced by the several notes which are the foundation of the suit.

Judgment affirmed.