# Knox *v.* Wilson.

77  309
120  127

*Bill in Equity to enforce Verbal Agreement as Mortgage, or Equitable Lien on Personal Property.*

1. *Waiver of exemptions in personal property.*—A verbal mortgage of personal property can not operate as a valid waiver of the right to claim the property as exempt (Code, §§ 2846, 2848); and a written instrument is not effectual for that purpose, unless the intention to make such waiver is therein clearly expressed.

2. *Equitable mortgage; writing held insufficient.*—A letter addressed

[Knox v. Wilson.]

to a merchant, in these words: *"I am always the man to do right. If you think it proper to put the guano in the paper that Mr. H. has against me and my boys, it will be all right with me,"* is not so free from ambiguity as to authorize the court to construe it as a verbal mortgage for the price of the guano, operating *in præsenti.* ·

APPEAL from the Chancery Court of Pike.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 20th February, 1884, by John B. Knox, against Archelaus Wilson and his two sons, Charles and Wm. H. Wilson; and sought to establish and enforce an alleged equitable lien or mortgage on certain crops raised by the defendants, for the price of a certain quantity of guano sold and delivered to them by the plaintiff, amounting to $282.75. According to the allegations of the bill, the plaintiff sold and delivered to the defendants, in the early part of the year 1882, a certain quantity of guano, to be used on land which they were jointly cultivating, under a verbal agreement with them that the price should be considered as included in a mortgage for advances which they had executed to one Henderson; and the money was paid to him, under this arrangement, out of the crops which they had conveyed to said Henderson by the mortgage. At the beginning of the next year (1883), "a similar arrangement was made for guano for the year 1883;" and the defendants having executed a mortgage to the Farmers' & Merchants' Bank at Troy, of which said Henderson was the president and principal stockholder, for advances made and to be made to them during the year 1883, conveying the crops raised by them jointly during that year, it was verbally agreed between them and the complainant "that said mortgage should stand also as a security for the guano," and the guano was afterwards delivered under this agreement. "Said A. Wilson not being present when this second arrangement was made, and in order that said agreement might not rest entirely in parol, complainant prepared an instrument in writing substantially embodying said verbal agreement, and sent it to said A. Wilson for his signature and that of his sons; but he returned the paper unsigned," and sent with it a letter addressed to the complainant, dated the 24th January, 1883, in these words: "I am always the man to do right. If you think it proper to put the guano in the paper that Mr. Henderson has against me and my boys, it will be all right with me;" to which said A. Wilson signed his name. The written instrument referred to was never signed by any of the defendants, but the guano was delivered from time to time, as the bill alleged, on their repeated promises to sign it, and on the faith of their verbal agreement that the debt should be considered as covered by the mortgage. The bill alleged, also,

[Knox v. Wilson.]

that the mortgage debt had been paid in full, that the defendants were insolvent, and that they were disposing of the residue of the crops remaining in their hands; and prayed that a lien on the property might be declared in favor of the complainant, for the amount of his debt, with interest, and that the property be sold for its satisfaction.

A joint and several answer was filed by the defendants, admitting the alleged agreement under which the guano was furnished during the year 1882, but denying that any similar agreement was made for the next year; admitting that said A. Wilson wrote and sent the letter above copied, but alleging that this was after a portion of the guano had been delivered, that the other defendants never assented to it, and that the proposed arrangement was never carried out. After filing this answer, A. Wilson made and filed his schedule and claim of exemption, claiming all the crops on hand; and this was set up in an amended answer.

On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

GARDNER & WILEY, for the appellant.

WM. H. PARKS, contra.

SOMERVILLE, J.—We cannot clearly see that the decree of the chancellor is wrong, in holding that the evidence fails to satisfactorily show that two of the defendants, William and Charles Wilson, ever agreed to make a parol mortgage of their property to secure the debt admitted to be due the complainant. So far as concerns the other defendant, A. Wilson, the evidence probably shows that he expressed a willingness to give such a mortgage, both verbally and in writing; but his intention seems to have remained unexecuted. His note to the complainant, bearing date January, 24th, 1883, is not sufficiently free from ambiguity to authorize us to construe it to be an equitable mortgage, operating as such in præsenti. The effort is to foreclose this alleged equitable lien on certain property, which is claimed by A. Wilson to be exempt from all legal process. The right of exemption, even to personal property, in this State, can be waived only by an instrument in writing. A verbal mortgage can not be operative as such a waiver. Const. 1875, Art. X, sec. 7; Code, 1876, § 2846. It is provided by statute, as well as by our constitution, that all exemption waivers must be included in written instruments, and the statute further declares that "the intention to make such waiver must be clearly expressed,"—Code, 1876, § 2848.

The property, which is sought to be subjected, being shown to be exempt, and being claimed in the manner provided by statute, the bill was wanting in equity, and was properly dismissed.