# Reed Lumber Co. *v.* Lewis.

*Action on Promissory Note, by Payee against Maker.*

1. *Damages for breach of contract to deliver machinery.*—In an action to recover damages for the failure to deliver machinery for a sawmill within the stipulated time, or when such damages are claimed under a plea of set-off or recoupment, a recovery can not be had for the profits lost by the party's failure to complete contracts with other persons for lumber by the delay in the delivery of the machinery,

[Reed Lumber Co. v. Lewis.]

when it is not alleged that the other party had knowledge of such contracts; and such profits, moreover, are too speculative and conjectural to form an element of recoverable damages.

2. *Plea of coverture.*—In an action against a partnership and the individual partners composing it, one of whom is a married woman, she may by plea of coverture protect her individual property from liability for the debt, without denying the partnership, or attempting to shield her interest in the partnership property.

3. *Waiver of exemptions in note; judgment corrected and affirmed.*—A waiver of "all homestead exemptions," in a note signed in the name of a partnership, is valid only against the partner who signed the firm name, and does not authorize, even as against him, a judgment declaring a waiver of exemptions of personal property; but, if the record shows no other error, this court will correct the judgment, and affirm it as corrected.

4. *Filing plea; what is revisable.*—When a plea is not filed within the time specified in the statutory rules of practice, it is discretionary with the court whether or not to allow it to be filed afterwards, and the exercise of this discretion is not revisable on appeal.

APPEAL from the City Court of Anniston.
Tried before the Hon. B. F. CASSADY.

GORDON MACDONALD, for appellant.

MATTHEWS & WHITESIDE, *contra.*

McCLELLAN, J.—This action is on promissory notes executed by the Reed Lumber Company, which is alleged to be a partnership composed of W. T. Farrar, Emily Farrar, the wife of W. T. Farrar, and C. W. Burrows. The suit is against the company and the individuals composing it. The company, W. T. Farrar and Burrows pleaded in recoupment, that the notes were given for the price of certain machinery to be presently delivered; that it was not delivered for two months afterwards; that the machinery was a part of a saw-mill without which the mill could not be run; that plaintiff knew the uses to which it was to be applied; that the mill was stopped in consequence of its non-delivery, and that as a result of this enforced idleness of the mill defendants were unable to fill certain contracts for lumber, which they had with various parties, and lost the profits they would have made had they been able to supply the lumber, and that these profits amounted to five hundred dollars. There is no averment that plaintiff contracted to deliver the machinery in contemplation of these contracts on the part of defendants to supply lumber to others, or that he knew of their existence.

The plea is bad upon two grounds, if not more. The plaintiff was not liable for the profits defendants would have made out of these contracts, unless such damages, manifestly not

being the natural consequences of plaintiff's mere failure to deliver the machinery, but depending on the contractual relations between defendants and others, could be said to have been in the contemplation of the parties, without knowledge on the part of plaintiff of those relations, and hence without his engagement having any reference to them.—*Devlin v. Mayor*, 63 N. Y. 26; *Daughtery v. A. U. Tel. Co.*, 75 Ala. 168; *W. U. Tel. Co. v. Way*, 83 Ala. 542; *Griffin v. Colver*, 16 N. Y. 489; s. c., 69 Am. Dec. 718, and notes, Moreover, the profits which might have been realized by the defendants but for plaintiff's dereliction are, as alleged in this plea, entirely too speculative and conjectural, incapable of that clear and satisfactory proof which the law requires, to constitute recoverable damages.—Authorities *supra; Bell v. Reynolds*, 78 Ala. 511; *Stuart v. Sinclair*, 71 Ala. 110.

The action being prosecuted not only against the partnership, but also against each of its members including Mrs. Farrar individually, and judgment sought which would not only go against the partnership property but against the property of each individual, Mrs. Farrar had the right to make any defense which would protect her from individual liability and save her individual property from subjection to the debt, without denying the partnership, or in any way attempting to defeat the collection of the notes out of her interest in the partnership property. To this end she had a right to plead coverture; and we are of opinion that the court below erred in refusing to allow her to do so.—*LeGrand v. National Bank*, 81 Ala. 123.

It is not claimed in the complaint that either of the defendants waived their exemptions of personal property as against the notes sued on. The averment is, "that in each of said notes, defendants waived all *homestead* exemptions as against this debt." Manifestly, upon such waiver there could be no judgment declaration of a waiver of exemption of personalty. And even were this otherwise, the declaration in this judgment should have been confined to W. T. Farrar, who it is alleged signed the partnership name to the notes.—*Terrell & Vincent v. Hurst, Miller & Co.*, 76 Ala. 588.

The judgment is reversed, and the cause remanded.

[Feb. 25, 1892.] Upon further consideration in response to the application for re-hearing, we are of opinion that it was within the discretion of the trial judge to allow or refuse to allow the plea of coverture to be filed when it was offered, the thirty days prescribed by the act creating the City Court of Anniston for the filing of pleas having elapsed; and that his

[Woodstock Iron Co. v. Richardson.]

discretion in that regard can not be reviewed or controlled on appeal. It results that the only error in the judgment below lies in the declaration of a waiver of exemptions which is embodied in it. That error will be corrected here, and the judgment modified by striking out the declaration in question. As thus modified, the judgment of the City Court is affirmed.