# Lippman *v.* First National Bank of Anniston.

*Action on a Promissory Note.*

1. *Exemption; agent under power of attorney has no authority to waive exemptions in the execution of promissory notes.*—A power of attorney, by which a certain named person is constituted and appointed "with full power of substitution, attorney and agent for" another who is engaged in the mercantile business "to manage and transact all business appertaining to business done under the firm name of" the principal, does not authorize such

[Lippman v. First National Bank of Anniston.]

agent, in the execution of a promissory note in the name of the principal, for money borrowed to successfully carry on said business, to waive the principal's right of exemption; and while a note so executed by such agent, which contains a waiver of exemption, is a binding obligation upon the principal, so far as the promise to pay the money is concerned, the waiver of exemptions is invalid and can not be enforced.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This was an action brought by the First National Bank of the city of Anniston, against the appellant, Mrs. R. Lippman; and counted upon a promissory note, which was made payable to the First National Bank. The note contained a waiver of exemptions and was signed "R. Lippman, pro. Marcus Lippman."

The action was commenced by writ of attachment issued out of the city court of Anniston. The affidavit for the attachment stated that "said R. Lippman in said note waived all rights of exemption under the constitution and laws of the State of Alabama." The clerk of the court made the following indorsement on the writ of attachment: "The defendant has duly waived her exemption as to personal property." This writ of attachment was levied upon a stock of goods and other personal property, as the property of R. Lippman, the defendant.

In the plaintiff's complaint, it was averred that the defendant in and by said note waived all right of exemptions under the constitution and laws of the State of Alabama. The defendant, by sworn plea, controverted the averments in the complaint and affidavit and writ of attachment, that she waived her exemptions under the constitution and laws of Alabama in and by said promissory note, or otherwise.

The plaintiff's evidence tended to show that for several years the defendant had been engaged in the mercantile business, through her agent, and had been borrowing money from the plaintiff, and that her agent had, at different times, signed the same kind of note as the one now sued for; that it was necessary for Marcus Lippman to sign such a note in order to get money at the Bank, for the purpose of conducting the business.

[Lippman v. First National Bank of Anniston.]

The defendant's evidence tended to show that Mrs. Lippman was a resident of the city of Anniston, and had conducted a mercantile business in said city, through her agents; that Marcus Lippman was her son, and became her business manager for the mercantile business; that on June 9, 1897, she gave to Marcus Lippman the authority therefor, which was in writing, and in words and figures as follows: "The State of Alabama, County of Calhoun. Know all men by these presents that I, R. Lippman, do hereby constitute and appoint Marcus Lippman with power of substitution, attorney and agent for me and in my name, place and stead, to manage and transact all business appertaining to the business done under the firm name of R. Lippman in Anniston, Alabama," &c. This instrument was signed R. Lippman, with a seal, and duly acknowledged before a notary public of Calhoun County. It was further shown by the evidence of the defendant that she did not sign the note sued on, but that it was signed by Marcus Lippman under the power of attorney as above set forth, and that he had no other or further authority to sign said note for the defendant than as given by said power of attorney.

The cause was tried by the court, without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment against the defendant, in favor of the plaintiff; the judgment entry reciting that "as to this judgment there is no exemption as to any personal property of said defendant." Defendant appeals, and assigns as error, among the other rulings of the trial court, the rendition of judgment for the plaintiff.

JOSEPH CARTHEL, A. P. AGEE, W. S. THORINGTON and RICHARD FRIES, for appellant.—The city court erred in the judgment rendered in finding that the defendant had in said note waived her exemptions to personal property.—Const. of Alabama, Art. X, § 7; *Giovanni v. First Nat. Bank*, 55 Ala. 305; Code of 1886, §§ 2568, 2570; *Terrell v. Hurst*, 76 Ala. 588; *Reed Lumber Co. v. Lewis*, 94 Ala. 628; *Jordan v. Long*, 109 Ala. 414.

The waiver of exemptions in this State can only be made by writing.—Const. Art. X, § 7; Code of 1896, §§ 2104–05; *Knox v. Wilson*, 77 Ala. 309.

[Lippman v. First National Bank of Anniston.]

The powers of attorney are to be strictly construed, and will not be enlarged by general rules beyond the particular acts to be done.—1 Amer. & Eng. Encyc. of Law, (2d ed.), 1001–1006. The waiver of the right of exemptions is not favored and declared, except when deliberately and fairly made.—*Kennedy v. First Nat. Bank*, 107 Ala. 170.

In order to authorize the waiver of the right of exemptions by an agent under a power of attorney, the authority therefor, as expressed in the power of attorney, should be certain and definite in every respect.—*Clark v. Graham*, 6 Wheat. 577 ; *Lumbard v. Aldrich*, 8 N. H. 31 ; *Gage v. Gage*, 30 N. H. 420 ; *Gee v. Bolton*, 17 Wis. 612.

JOHN B. KNOX, *contra.*—The power of attorney under which the agent of the defendant in this case executed the note sued on, conferred upon said agent the right to execute the note, by which his principal waived her right to exemptions. It is nowhere disputed, but is admitted, that the agent had a right to borrow the money and to execute a promissory note therefor, the money to be used in the transaction of the business which he was managing for the principal. This carried with it the authority to waive the principal's right of exemptions, if it was necessary to borrow the money which was needed to successfully carry on the business.—*Phillips & Buttorff Manf'g Co. v. Whitney*, 109 Ala. 644 ; *Tappan v. Bailey*, 4 Metc. (Mass.) 529 ; *Collins v. Cooper*, 65 Tex. 460 ; *Flewellen v. Mittenthal*, 38 S. W. Rep. 234 ; *Auldjo v. McDougall*, 3 U. C. Q. B. (O. S.) 199 ; *McClung v. Spotswood*, 19 Ala. 165 ; *Wimberly v. Windham*, 104 Ala. 409.

HARALSON, J.—A waiver of exemptions of personal property "may be made by a separate instrument in writing, subscribed by the party making the same, or it may be included in any bond, bill of exchange, promissory note, or other written contract executed by him." Code of 1896, § 2105. This provision requires that the instrument shall be signed by the party making it. The intention to waive should be clearly expressed.—*Knox v.*

*Wilson*, 77 Ala. 309; *Terrell v. Hurst*, 76 Ala. 588. If it be conceded that one may, by power of attorney, authorize another to make and sign a note for him, waiving his right of exemption as to personal property, the intention to waive the exemption should be as explicit or clearly expressed in the power for this purpose, as it is required to be, when signed by the waivor himself. The power in this case was, "I, R. Lippman, do hereby constitute and appoint Marcus Lippman, with full power of substitution, attorney and agent for me and in my name, place and stead, to manage and transact all business appertaining to the business done under the firm name of R. Lippman, in Anniston, Alabama." Here the power to waive the exemption is not only not expressed, but is only inferable as arising out of the necessity for making such a waiver in borrowing money as it might be deemed necessary by the agent, to successfully carry on the business. A waiver of exemption in a note signed by one partner in the name of the partnership, even if deemed by him to be necessary to carry on successfully the partnership business, is good only against the partner signing the note.—*Terrell v. Hurst, supra; Reed Lumber Co. v. Lewis*, 94 Ala. 626.

We are of the opinion, that the waiver of exemptions against Mrs. Lippman contained in the note signed in her name by her said agent, was unauthorized under said power of attorney. This was the only issue in the case. That the note was otherwise a binding obligation on her is not denied. It results that the only error in the judgment rendered below, lies in the declaration of a waiver of exemptions which is declared in it. The error will be corrected here, and the judgment modified by striking out the declaration of exemption in question; and, as thus corrected, the judgment of the city court is affirmed.—*Reed Lumber Co. v. Lewis*, 94 Ala. 626.

Affirmed.