(92 South. 262)

### CONSOLIDATED MOTOR CO.· OF ALA- BAMA v. MALIK.   (6 Div. 542.)

(Supreme Court of Alabama.   Jan. 12, 1922.)

1. **Appeal and error** ⬤⟹547(2)—**Bill of exceptions is necessary to review of trial court's findings.**

Where the defendant in an action tried to the court filed a request for a special finding of facts under the provisions of Code 1907, § 5360, but there was no bill of exceptions stating the evidence on which the findings were based or reserving exceptions to the action of the trial court for review on appeal, as provided by section 5361, no question was presented for review by the bill of exceptions.

2. **Exemptions** ⬤⟹92—**Finding contract waiving exemption was signed by husband in wife's name supports judgment refusing to find waiver of exemption.**

Findings by the trial court that the contract sued on, which waived the buyer's exemption from execution given by Const. 1901, § 204, was signed by the buyer's husband in the buyer's name, and in her absence, and that she did not thereafter assent to or ratify the same by a written instrument signed by her waiving her exemptions, sustain a judgment refusing to find a waiver of exemption by her, in view of construction of section 210 and Code 1907, §§ 4231, 4232, giving an exemption in real estate.

Appeal from Circuit Court, Jefferson County; R. V. Evans, Judge.

Action by the Consolidated Motor Company of Alabama against Maggie Malik, on a sale's contract. From a judgment for the plaintiff, but without finding a waiver of exemption against the defendant, the plaintiff appeals. Affirmed.

Kenneth C. Charlton and S. J. Stiggins, both of Birmingham, for appellant.

Court erred in failing to find that defendant had ratified the contract made by her agent, and also in failing to find that the agent had parol authority to waive the exemption of personal property for his principal. 126 Ala. 496, 28 South. 199; 110 Ala. 342, 20 South. 114. Where a principal accepts the benefits of the contract, she cannot now repudiate the remainder. 18 Ala. 270; 105 Ala. 644, 17 South. 336; 144 Ala. 545, 39 South. 359; 196 Ala. 413, 72 South. 83; 29 Ala. 346; 68 Ala. 170.

Wood & Pritchard, of Birmingham, for appellee.

No question is presented for review, as there is no bill of exceptions. Sections 5360, 5361, Code 1907.

THOMAS, J.  The action was upon a written contract, for the purchase price of a motorcar, payable in installments.  The count on which the trial was had averred that defendant expressly waived her right to claim exemptions.  Defendant pleaded the general issue and non est factum.

[1] Under the provisions of section 5360 of the Code of 1907, defendant filed a written request for a special finding of the facts. The minute entry shows a judgment in favor of plaintiff against defendant for the amount claimed, and contains no clause as to a waiver of exemption. A special finding of facts is contained in the record, but the evidence on which the finding is based is not set out in the bill of exceptions, there being no such bill or reservation of exceptions for review on appeal of the action or finding of the court, taken as provided by Code, §§ 5360, 5361. Hence no question is presented for review by bill of exceptions.

[2] The question presented for decision and argued in brief of counsel is whether or not the defendant waived her exemptions as to personal property. The court did not find that the instrument offered in evidence was subscribed by the defendant, and consequently did not find that the allegations of the complaint were sustained to the effect that defendant had waived her exemptions as to personal property, that the instrument sued on was signed by the husband in the wife's name, and that the husband executed the instrument in question in her absence, and that she did not thereafter assent to or ratify the same in a written instrument signed by her, waiving her exemptions to personal property.

The rule prevailing in this state before the adoption of the statute (1907) codified as sections 5360, 5361 (Germania Fire Ins. Co. v. Kitchens, 201 Ala. 674, 79 South. 246; Chandler & Jones v. Crossland, 126 Ala. 176, 28 South. 420; Am. Cast-Iron Pipe Co. v. Birmingham Tailoring Co., 16 Ala. App. 583, 80 South. 157) was declared to have been changed by statute. In Jones v. Hines, 205 Ala. 145, 87 South. 531, holding that:

"Code 1907, § 5361, providing that in a case tried without a jury either party may present for review the conclusion and judgments of the court on the evidence, and that the finding on the facts shall be subject to review without exceptions, changes the former rule that, where there is a special finding, the sufficiency of the facts found to support the judgment is the only question reviewable, and authorizes a review of the court's finding on the facts"

—the facts were presented by bill of exception under Code, § 5361.

Provisions of the Constitution here applicable are:

"The right of exemption hereinbefore secured may be waived by an instrument in writing, and when such waiver relates to realty, the instrument must· be signed by both the

husband and the wife, and attested by one witness." Section 210.

And the guaranty, found in section 204, that:

"The personal property of any resident of this state to the value of one thousand dollars, to be selected by such resident, shall be exempt from sale or execution, or other process of any court, issued for the collection of any debt contracted since the thirteenth day of July, eighteen hundred and sixty-eight or after the ratification of this Constitution."

The construction of section 210 in Scarbrough v. City Nat'l Bank, 157 Ala. 577, 48 South. 62, 131 Am. St. Rep. 71, is to the effect that waiver of exemption is no part of the obligation of the note, bond, or written instrument, but an additional agreement of the maker incorporated therein; that both the Constitution and the statute showed an intention that the waiver must be in the writing which the party to be bound or affected thereby has "signed." Code, §§ 4231, 4232; Neely v. Henry, 63 Ala. 261; Knox v. Wilson, 77 Ala. 309, 311; Lippman v. First Nat'l Bank of Anniston, 120 Ala. 123, 24 South. 581, 74 Am. St. Rep. 28; Lesser v. Scholze, 93 Ala. 338, 9 South. 273. So of partnership notes. Terrell & Vincent v. Hurst, Miller & Co., 76 Ala. 588; Reed Lbr. Co. v. Lewis, 94 Ala. 626, 10 South. 333; Guscott v. Roden, 112 Ala. 632, 21 South. 313; Lippman v. First Nat. Bank, supra.

The case of Wright v. Forgy, 126 Ala. 389, 28 South. 198, turned upon a due execution of the instrument in question to bind the defendant, the same being signed in his presence and at his request by his agent in the name of the principal. When this was done it was a complete execution by the defendant as if he had subscribed his own signature, or, being unable to write, had made his mark, the same being duly attested. Goldsmith v. Gates, 205 Ala. 632, 88 South. 861.

The case of Brown v. Bamberger, Bloom & Co., 110 Ala. 342, 20 South. 114, was to like import. The action was on a promissory note purported to have been executed by Oden & Brown, a partnership composed of E. J. Oden and W. S. Brown, and the court observed of the ratification of an unauthorized execution of a note that it did not ratify the stipulations contained therein to pay attorney's fees in event of suit, and to waive the right of exemption as evidenced by the debt thereby, unless the putative maker had knowledge of such stipulations when he ratified the act, such stipulations being not necessary and proper to make the instrument a promissory note. Mr. Justice McClellan said that though the reversal was necessary under the pleading and proof, taking issue on the demurrable rejoinder of Mr. Brown and the refusal of his requested written affirmative charge, "if, as further testified by Oden, Brown brought the notes to him to be signed for both, or if Brown had previously had or seen the notes or knew what they contained, and Oden signed the names of both, or the firm name, in his presence or by his direction or with his assent, expressed or implied, then all the stipulations of the papers—for attorney's fees and waiving exemptions, as well as the rest—would be equally binding upon both." The cases of Wright v. Forgy and Brown v. Bamberger, Bloom & Co. are not in conflict with Scarbrough v. City Nat. Bank, supra.

The foregoing will support the conclusion of the judgment of the trial court. If such had not been the result in the absence of a bill of exceptions, the judgment of the circuit court must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.