**BOGACKI v. CITY OF MONTGOMERY, and cross-appeal. (3 Div. 596, 596a.)**

(Supreme Court of Alabama. Feb. 14, 1924. Rehearing Denied May 22, 1924.)

**1. Appeal and error ⬤═850(1)—Special finding of fact subject to review by Supreme Court.**

Under Code 1907, § 5361, special finding of fact by court at parties' request is subject to review by Supreme Court.

**2. Municipal corporations ⬤═250—Compensation for expense of deviation from contract held properly disallowed to contractor.**

Where extra profit from installation of single sanitary boxes for city instead of half as many double boxes more than compensated contractor for extra cost of cutting boxes into single boxes, court properly disallowed claim for such cost.

**3. Municipal corporations ⬤═250—Contractor held not entitled to recover for extra work and materials furnished after expiration of contract.**

One contracting in writing with city to install stated number of sanitary boxes *held* not entitled to recover for installation of additional boxes, after date fixed for expiration of contract, under verbal direction of single commissioner, though original contract provided for additional boxes if so ordered.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action on the common counts and for breach of contract by C. Y. Bogacki against the City of Montgomery. Judgment for plaintiff, and both parties appeal. Reversed and rendered.

Steiner, Crum & Weil, of Montgomery, for plaintiff.

If the city improperly terminated the contract, it should respond in damages. Gardner v. Deeds & Hirsig, 116 Tenn. 128, 92 S. W. 518, 4 L. R. A. (N. S.) 740, 7 Ann. Cas. 1172. The subject-matter of the contract related to the public health and was within the police power of the city. Code 1907, § 1251; Standard O. & O. Co. v. City of Troy, 201 Ala. 89, 77 South. 383, L. R. A. 1918C, 522.

Arthur B. Chilton and Ludlow Elmore, both of Montgomery, for defendant.

A contract with a municipality is not valid, unless executed by the proper authority. Coleman v. Hartford, 157 Ala. 550, 47 South. 594. There could be no liability under the contract after its expiration as expressly provided therein. 13 C. J. 599.

GARDNER, J. This is a suit by C. Y. Bogacki against the city of Montgomery upon common counts for work and labor done and material furnished, and also special counts claiming damages for breach of contract between the parties, entered into on February

4, 1918. The cause was tried before the court without a jury, and from a judgment rendered in favor of the plaintiff for $1,273.29, both plaintiff and defendant have prosecuted an appeal.

[1] There was a special finding of fact by the court pursuant to request of the parties. Under our statute, as it now exists (section 5361, Code 1907), the special finding of fact is here subject to review Jones v. Hines, 205 Ala. 145, 87 South. 531; Cons. Motor Co. v. Malik, 207 Ala. 120, 92 South. 262.

[2] The contract of February 4, 1918, was in writing, and executed in full compliance with all statutory requirements. Section 1183, Code 1907; City of Mobile v. Mobile Elec. Co., 203 Ala. 574, 84 South. 816. By this contract the plaintiff agreed to furnish, and the defendant city agreed to accept, 6,000 or more sanitary boxes installed at an agreed price and upon conditions therein stated. It is well established by the proof, and, indeed, conceded by the plaintiff, as we read the evidence, that the 6,000 boxes were furnished and paid for. As to the original 6,000 boxes, however, the plaintiff insists that under the direction of the city he was required to cut 1,900 double boxes into single boxes at a cost of 50 cents extra, which constitutes one item in his claim of damages. The trial court disallowed this claim, and we think properly so. The evidence of the plaintiff himself discloses that the extra profit it realized from the installation of the two single boxes, instead of one double box, more than compensated him for the 50 cents extra cost per box for the change, and it clearly appears that upon this transaction he made a profit, rather than suffered a loss. It is evident that no recovery was allowed by the court below as to any matter growing out of the 6,000 boxes provided for in the original written contract.

[3] The contract contains the following provision: "This contract shall become void one year from the date of its award." By virtue of this provision, therefore, this contract became of no binding force subsequent to February 4, 1919. Subsequent to that date the plaintiff was directed by one of the commissioners to furnish some additional boxes to be installed outside of the city limits, but within the police jurisdiction of the city. Some of these were so installed, and it is evident that the damages awarded to the plaintiff by the court below rested upon an alleged breach of the contract for additional boxes. This "second contract," as it is termed by the plaintiff, was entered into in the spring of 1919; the plaintiff testifying that it must have been in April or May of that year.

As to this "second contract" the plaintiff acted solely under the verbal direction of one of the commissioners; there was no ordinance, no meeting of the commissioners, and

no written contract, and, indeed, no contract of any character, with the city commission, but a mere verbal direction of one commissioner, as above indicated, and no subsequent ratification thereof by the city commission. Under these circumstances, we are of the opinion the case of Coleman v. Town of Hartford, 157 Ala. 550, 47 South. 594, is decisive adversely to plaintiff's recovery.

The order for these additional boxes cannot be rested upon the original contract of February 4, 1918, although such contract provides for boxes additional to the 6,000, if so ordered; this for the reason that the formal written contract expressly provided that it should be void after the expiration of one year from its date. The verbal order by the commissioner, therefore, a few months after the expiration of this time, could no more be rested upon the written contract than had it been several years thereafter. The provisions in the formal written contract for additional boxes must be construed in connection with the language as to the limitation of the life of such contract, and cannot be construed to extend beyond that limit. The language as to the life of the contract is plain and unambiguous.

We therefore do not find ourselves in accord with the finding of fact by the court below, to the effect that all the work done and material furnished was under the contract of February 4, 1918. We have previously expressed our opinion that the plaintiff has shown no right to recover upon the original written contract, which had been fully performed in the year as therein provided, and the only change made therein resulted in a benefit rather than a detriment to the plaintiff.

It results, therefore, in our opinion, the plaintiff was not entitled to recover, and the court below committed error in rendering judgment in his favor. The judgment of the court below will be reversed, and, the cause having been submitted to the court without a jury, a judgment will be here rendered in favor of the city.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.