## CAPITAL CAB CO. v. MONTGOMERY FAIR.
### (3 Div. 493.)

(Court of Appeals of Alabama. May 26, 1925. Rehearing Denied June 9, 1925.)

1. **Appeal and error** ⬦1011(1)—**Finding of facts by trial court sustained, where testimony conflicting.**

Where testimony is conflicting, and different minds might reasonably draw different conclusions from some of facts and circumstances detailed, finding of trial court will be sustained.

2. **Judgment** ⬦200—**Court must directly and affirmatively find every issue essential to right of recovery to pronounce judgment.**

In order to sustain judgment, trial court must have found directly and affirmatively every issue in fact essential to right of recovery, and judgment cannot be aided by intendment or inference to extrinsic facts.

3. **Trial** ⬦395(1)—**Finding of facts required is written expression by trial judge of facts established by evidence.**

Finding of fact contemplated by statute is written expression by trial judge as to what facts are, in his opinion, established by evidence within and responsive to issues in case.

4. **Trial** ⬦395(2)—**Judgment sustained, where findings of fact and facts on which they were found are clearly set out and show liability.**

Judgment for plaintiff will be sustained, where findings of fact and facts from which they were found are set out with reasonable clearness and show liability.

5. **Trial** ⬦397(6)—**Finding that plaintiff was not contributorily negligent held not essential for judgment.**

In action for injuries to automobile from negligence, finding of fact that plaintiff was not guilty of contributory negligence *held* not required to support recovery.

6. **Trial** ⬦395(1)—**Judgment for plaintiff supported by finding of negligence of defendant's servant operating within scope of employment, which was proximate cause of damage.**

In action for injuries to automobile, finding of fact by trial court that driver of yellow cab, acting within scope of his employment, was negligent in or about its operation, which was proximate cause of damage to plaintiff's truck, and ascertaining amount of damage, *held* to support judgment for plaintiff.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action for damages by the Montgomery Fair against the Capital Cab Company. Judgment for plaintiff, and defendant appeals. Affirmed. Certiorari denied by Supreme Court in Ex parte Capital Cab Co., 104 So. 892.

The special finding of facts by the trial court is as follows:

"Plaintiff's delivery truck, driven by its regular driver, Wash Britton, was proceeding west from Court Square on the right-hand side of Montgomery street. Defendant's taxicab, driven by its regular driver, Artis Houldich, was parked on the north side of Montgomery street, next the curb. Without warning, defendant's car was backed out at a rapid rate of speed into the current of traffic proceeding along Montgomery street, and struck plaintiff's delivery truck at the point where the running board joined the rear right-hand fender, and the force of the blow destroyed both rear wheels, the housing of the differential, and the rear spring. From the position of these injuries it is apparent to the court force which inflicted the injuries must have come from the taxicab and not from plaintiff's truck. The damages were agreed upon at the sum of $106.70, and it was shown that at the time of the collision the taxicab was being driven by an employé of the defendant in and about defendant's business, and in the line and scope of his employment. Upon the consideration of the whole evidence, the court is of the opinion, that those witnesses who testified for the defendant that plaintiff's truck inflicted its own injuries upon itself, by turning around in the middle of the block and striking a sidewalk or lateral blow against the rear of defendant's taxicab, were mistaken in their views, reasoning backwards from the accident to what they thought must have happened, rather than testifying only what they actually saw."

J. P. Mudd, of Birmingham, for appellant.

The special finding will be reviewed without presumption in its favor. Jones v. Hines, 205 Ala. 145, 87 So. 531; Con. Motor Co. v. Malik, 207 Ala. 120, 92 So. 262. The special finding is not sufficient to support the judgment rendered. Stix v. Sadler, 109 Ind. 254, 9 N. E. 905; Caldwell v. Boyd, 109 Ind. 447, 9 N. E. 912; Huntington v. Vavra, 36 Cal. App. 352, 172 Pac. 166; Conlan v. Grace, 36 Minn. 276, 30 N. W. 880; Frascona v. Los Angeles Ry. Corp., 48 Cal. App. 135, 191 Pac. 968; Lanford & Co. v. Mathis, 9 Ala. App. 434, 62 So. 967; Johnson v. McFry, 13 Ala. App. 619, 68 So. 718; Betancourt v. Eberlin, 71 Ala. 461.

Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

Counsel discuss the questions raised, but without citing authorities.

BRICKEN, P. J. A collision occurred between the appellant's "yellow cab" and the appellee's truck. Appellee brought suit for

the damage done the truck, alleging negligence on the part of the operator of the cab. The case was tried by the court without a jury. A special finding of facts was demanded in writing and made by the trial judge, and a judgment in favor of the appellee entered thereon.

The record contains a bill of exceptions setting out all the evidence and the finding of facts. An exception was reserved to the finding of facts and the judgment of the court.

In this state of the record three matters are here presented for review: (1) Is there any evidence in the record to support the finding of fact made by the trial judge? (2) If so, is his finding of fact plainly and palpably wrong? (3) Do the facts found by the trial judge support the judgment appealed from? Jones v. Hines, 205 Ala. 145, 87 So. 531.

[1] A detailed discussion of the evidence in this record is unnecessary. It has been considered carefully. It is in conflict on many points. Some of it is circumstantial. Some of it relates to physical facts and the inferences to be drawn therefrom. Different minds might reasonably draw different conclusions from some of the facts and circumstances detailed. We are satisfied that there is evidence in the record to support the finding of facts. We are not convinced that the facts as found by the trial judge are plainly or palpably wrong or opposed to the weight of the evidence in the case. The question then remains, Is the finding of facts legally sufficient to support the judgment of the court?

[2] Regarding the sufficiency of a finding of facts, the Supreme Court of this state has said:

It "must find directly and affirmatively every fact in issue essential to the right of recovery, or judgment upon it cannot be pronounced," and "it cannot be aided by intendment or by reference to extrinsic facts." Betancourt v. Eberlin, 71 Ala. 461.

[3] The finding of facts contemplated by the statute is a written expression by the trial judge as to what facts are, in his opinion, established by the evidence, within and responsive to the issues in the case.

[4] If the finding of facts shows that the trial judge reached a conclusion as to what facts were established by the evidence, and the facts from which such conclusion was reached are set out with reasonable clearness, and show liability, then the finding of facts is deemed sufficient, where, as in the case at bar, a judgment is entered for the plaintiff. If the facts found and set out by the trial judge, in themselves show liability, and the amount of the damage, we see no reason why the trial judge should be required to find more.

[5] In the case at bar it was necessary that the trial judge find facts showing negligence on the part of the appellant in the operation of its cab, that damage resulted to the appellee's truck, and the amount of that damage. It was not necessary for the court to find any fact showing that appellee was not guilty of contributory negligence. A failure to find any facts showing that appellee was guilty of contributory negligence may be regarded as the legal equivalent of a finding that it was not thus at fault. Consolidated Motor Co. of Ala. v. Malik, 207 Ala. 120, 92 So. 262.

[6] Under the rule announced, the opinion here prevails that the facts found by the trial judge show that the servant of the appellant operating its cab, while acting within the line and scope of his employment, was negligent in or about its operation; that, as a proximate consequence, damage to the appellee's truck resulted. The amount is also ascertained.

There is no error in the record. The judgment appealed from is affirmed.

Affirmed.