(104 So. 787)
REID v. CITY OF MOBILE. (1 Div. 338.)

(Supreme Court of Alabama. June 11, 1925.)

1. **Municipal corporations** ☞243—**Purchases for "ordinary needs" of city defined.**

"Purchases for the ordinary needs" of a city, within Code 1923, § 1899, are such purchases as become necessary and proper to effectuate implied and incidental powers, appertaining to purposes for which municipality was created.

2. **Evidence** ☞12—**Population of city judicially noticed.**

Supreme Court judicially knows population of city of Mobile, and importance of having its ordinances in book or pamphlet form is recognized by Code 1907, §§ 1254, 1259, and 3989.

3. **Municipal corporations** ☞243—**Purchase of bound volumes of ordinances held for "ordinary needs" of municipality.**

A contract by city to purchase printed and bound volumes of its ordinances *held* to be a purchase for "ordinary needs" of municipality, within Code 1923, § 1899, and hence is not required to be in writing, signed and executed in manner prescribed by such section.

4. **Municipal corporations** ☞254—**Failure of city to use volumes of ordinances purchased held not to prevent recovery for price.**

Where contract by city to purchase bound volumes of its ordinances appears valid and binding on face of pleadings, failure of city to accept and use them would not prevent maintenance of suit by contractor for their purchase price.

5. **Work and labor** ☞24(1)—**Action on common counts sustainable on proof of express contract where plaintiff has complied with all its terms.**

An action on the common counts may be sustained on proof of an express contract, with all terms of which plaintiff has fully complied.

6. **Municipal corporations** ☞1021, 1022 — **Technical accuracy in claim presented not required.**

Technical accuracy is not required in claim presented against city for purchase price of bound volumes of ordinances, which city is alleged to have contracted to purchase, but substantial compliance with statute is sufficient.

Appeal from Circuit court, Mobile County; Joel W. Goldsby, Judge.

Action by David J. Reid, doing business as the Mobile Printing & Binding Company,

against the city of Mobile. Plaintiff takes a nonsuit, and appeals from adverse rulings on pleading. Reversed and remanded.

Outlaw & Kilborn, of Mobile, for appellant.

The court judicially knows that the purchase of books of ordinances was for the ordinary needs of the municipality, and hence it was not necessary to allege that the contract with the city was in writing, executed in the name of the city. Code 1907, §§ 1183, 1254, 1259, 3989; Town of Livingston v. Pippin, 31 Ala. 542; Hickey v. City of Nampa, 22 Idaho, 41, 124 P. 280; Thomas v. Glindeman, 33 Idaho, 394, 195 P. 92; City of Selma v. Mullen, 46 Ala. 411. Use of the common counts is permissible against a municipality. Montgomery Co. v. Pruett, 175 Ala. 391, 57 So. 823.

Frank J. Yerger, of Mobile, for appellee.

The claim sued on was for services rendered, and not for a purchase for the ordinary needs of the municipality. Code 1907, § 1183; City of Bessemer v. Carroll, 154 Ala. 506, 45 So. 419. The complaint must allege the filing of claim, giving date of accrual, name and residence of the claimant, the circumstances, and the amount claimed. Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874; Barrett v. City of Mobile, 129 Ala. 185, 30 So. 36, 87 Am. St. Rep. 54; City of Bessemer v. Pope, 212 Ala. 16, 101 So. 648. The requirements of the statute, and not the exception, apply to this case. City of Mobile v. Mobile Elec. Co., 203 Ala. 574, 84 So. 816; Bogacki v. City of Montgomery, 211 Ala. 310, 100 So. 214; Coleman v. Town of Hartford, 157 Ala. 550, 47 So. 594. The complaint was demurrable for failure to show delivery to and retention by the municipality of the books. City of Mobile v. Mobile E. S. Co., 6 Ala. App. 131, 60 So. 426.

Appeal from Mobile Circuit Court.

GARDNER, J. Appellant brought this suit against the city of Mobile to recover the purchase price of 54 volumes of the ordinances of the city enacted subsequent to the Municipal Code of 1907. Demurrer having been sustained to his original complaint and to the several counts thereof, as amended, plaintiff took a nonsuit on account of said adverse ruling on the pleadings, and prosecutes this appeal for a review of these rulings.

The resistance on the part of the city to the payment of the sum claimed rests chiefly upon the contention that the contract with plaintiff for these 54 volumes of the ordinances was invalid, because not in writing, signed and executed in the manner prescribed by section 1183, Code 1907, now section 1899, Code 1923. City of Mobile v. Mobile Electric Co., 203 Ala. 574, 84 So. 816. This was evidently the view entertained by the trial court; but we are unable to agree.

[1, 2] The above-cited code sections contain the following proviso: "This section shall not be construed to cover purchases for the ordinary needs of the municipality," and we are of the opinion the contract in question comes within the influence of this proviso. The discussion of the term "ordinary expenses" by the court in the case of Livingston v. Pippin, 31 Ala. 542, is helpful in construing the proviso here in question. There it was said that "ordinary expenses are the expenditures which are necessary to carry into effect the ordinary powers of the corporation," as contradistinguished from extraordinary expenses which constitute a necessary means of carrying into effect extraordinary powers. These ordinary expenses, as we gather from the opinion in that case, are such as arise as necessary and proper to carry into effect the implied and incidental powers that pertain to the purposes for which the corporation was created. So, likewise, we think, are "purchases for the ordinary needs" of the city, such purchases as become necessary and proper to effectuate the implied and incidental powers appertaining to the purposes for which the municipality was created. The court judicially knows of the population of the city of Mobile, and the importance of having its ordinances in book or pamphlet form is recognized by sections 3989, 1254, and 1259 of the Code of 1907. These ordinances, it may be assumed, embrace many phases of municipal life, and the propriety of their proper distribution that they may be enforced and understood cannot be questioned. The enactment of such ordinances is a part of the regular conduct of municipal business, and their printing and binding into book form is but the exercise of the implied and incidental powers of the city, an effectuation of its ordinary powers.

[3] Though the transaction here involved in a sense constitutes an order for work and labor done, in that the ordinances must be printed and bound, yet the contract provides for the payment of the agreed sum only upon completion and delivery of the bound volumes, and is in fact a contract for a purchase thereof within the meaning of the above quoted proviso. Nor does the fact that the necessity for such a purchase is infrequent materially affect the situation, as is illustrated by counsel in reference to the purchase of an iron safe for the city tax collector, which, very clearly, would be classed among the ordinary needs, but which would become necessary only at rather extended intervals of time. It would not be denied that dockets for use of its courts, printed forms and stationery for its offices, and matters of like character come within the meaning of "ordinary needs" as used in the proviso. So we think it logically follows that the printed and bound volumes of ordinances likewise should be considered as among such ordinary needs of the municipality.

The case of Bogacki v. City of Montgomery, 211 Ala. 310, 100 So. 214, cited by appellee, rested for decision upon the want of authority of one commissioner to bind the city in the premises (citing Coleman v. Town of Hartford, 157 Ala. 550, 47 So. 594), and the proviso here in question was not involved.

Here, in some of the counts, the authority on the part of those acting for the city to bind the municipality in the premises is expressly averred, and the necessity, vel non, for the contract to have been formally executed as specified in section 1183, Code 1907, is the pivotal question presented. We entertain the view that the contract here sued upon constitutes a purchase "for the ordinary needs of the municipality," within the meaning of the proviso to the above cited section, and that therefore, for its binding effect, no necessity existed for its formal execution.

[4, 5] The contract appearing upon the face of the pleadings as valid and binding, the failure on the part of the city to accept and use these bound volumes would not stand in the way of the maintenance of this suit upon such contract. Indeed, an action on the common counts may be sustained upon proof of an express contract—with all the terms of which plaintiff has fully complied. Montgomery County v. Pruett, 175 Ala. 391, 57 So. 823.

We have here discussed and decided the meritorious questions presented for determination, and no necessity exists for a detailed consideration of the separate counts of the complaint and the rulings thereon.

[6] As illustrative of the error of the trial court, however, we may point out counts 5 and 6, which, very clearly, in view of the conclusion here reached, were not subject to the demurrers interposed, and the action of the court in sustaining the demurrers thereto constitutes reversible error. The grounds of demurrer to these counts present no objection as to the sufficiency of their averment of presentation of the claim to the commission before suit was brought (Barrett v. City of Mobile, 129 Ala. 179, 30 So. 36, 87 Am. St. Rep. 54) but raises only the points herein discussed. We may add, however, in view of the reversal of the cause, and to the end that all matters of substantial merit may be here determined, that the claim alleged to have been presented, and which is made Exhibit A to the original count 2, sufficiently meets all legal requirements. Technical accuracy is not required, a substantial compliance with the statute being sufficient. McKinnon v. City of Birmingham, 196 Ala. 56, 71 So. 463; Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874.

The statement is referred to and made also a part of count 2, as amended, and what has herein been said discloses that this count also was not subject to the demurrer interposed thereto. But further consideration of the several counts is unnecessary. All questions of merit presented on this appeal have been determined.

Let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.